## The Fairfield County National Bank *vs.* Alfred E. Hammer.

Third Judicial District, New Haven, June Term, 1915.

Thayer, Roraback, Wheeler, Beach and Bennett, Js.

When the title of the payee and indorser of a negotiable note is shown to have been defective, the burden is upon the holder to prove that he acquired his title as a holder in due course; one essential of which is that he took it before its maturity and without notice that it had been previously dishonored.

One who innocently takes a note which has matured and been paid, but which has been fraudulently altered as to date and time of payment, is not a holder in due course.

General Statutes, § 4294, provides that when a note has been materially altered and is in the hands of a holder in due course who is not a party to the alteration, he may enforce payment thereof according to its original tenor. *Held* that the obvious intent of this provision was to cover material alterations of a note not yet due, and that the clause did not apply to alterations in a note which had already matured and been paid.

Merely allowing a note to remain in the hands of a trusted holder after its maturity and payment, is not, as matter of law, such negligence as will estop the maker from denying his liability upon the note if it is thereafter fraudulently altered and negotiated anew by such holder; for the maker cannot reasonably be held to foresee such a result.

The case of *Rockville National Bank* v. *Citizens Gas Light Co.*, 72 Conn. 576, explained and distinguished.

In giving up a forged note for one substituted in its place, the holder parts with nothing of value.

Recovery upon a forged note should not be permitted merely because the defendant failed to specifically deny its execution and delivery in his answer, as required by § 609 of the General Statutes; especially if the plaintiff did not urge such failure as a ground of recovery in the trial court, when and where it might readily have been obviated by an amendment.

Claims not made in the trial court will not ordinarily be considered by this court on appeal.

Argued June 8th—decided July 16th, 1915.

Action to recover the amount of a promissory note, brought to and tried by the Court of Common Pleas

in Fairfield County, *Scott, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The defendant, also, appealed from certain findings of fact as made by the trial court. *No error.*

At the request of one McDermott, a life insurance agent, the defendant gave him his note payable at the Second National Bank of New Haven for the amount of, and in anticipation of, one year's premium on his life insurance policies negotiated through Mc-Dermott.   Subsequently the defendant paid these premiums.   McDermott discounted the note at said bank, but did not pay it at maturity, and the defendant renewed the note, and by successive renewals this note was carried at the bank.   One of these renewal notes, for $752.89, was dated September 9th, 1909, and payable two months from date.   At its maturity this note was renewed.   Between November 9th and 22d, Mc-Dermott fraudulently altered the note so paid at its maturity and delivered to him, by changing the date to November 22d, and the number of months it had to run to four, and by erasing a memorandum upon its margin which read "to take up note now due."

McDermott had previously discounted notes at plaintiff bank, and on July 20th, 1909, discounted there a note for $689.90, purporting to be signed by defendant, and payable to himself four months after date, at said Second National Bank.   This note was a forgery, and is the note described in count two.   At its maturity McDermott brought to plaintiff this note which had matured and been paid on September 9th, and which had been subsequently altered by him, and indorsed it, and plaintiff paid him in cash the difference between this note and the July 20th note, which was taken up and paid by the note of November 22d, which is the note described in count one.   Under count one the plaintiff

seeks to recover upon the November 22d note. Under count two the plaintiff seeks to recover upon the July 20th note.

*Louis Goldschmidt,* for the appellant (plaintiff).

*Leonard M. Daggett,* for the appellee (defendant).

WHEELER, J. The plaintiff claims to recover upon the note dated November 22d and described in count one, as a holder in due course without notice of its infirmity. When the title of McDermott, the payee of this note which he transferred to the plaintiff, was shown to have been defective, the burden was on the plaintiff to prove that it acquired its title as a holder in due course. General Statutes, § 4229. In the hands of one other than a holder in due course, it was open to the same defenses as if it were nonnegotiable in the hands of any holder other than one in due course. General Statutes, § 4228. One of the statutory essentials to constitute one a holder in due course of a negotiable note is that he became the holder of it before it was due, and without notice that it had been previously dishonored.

One who innocently negotiates a note after it has matured and been paid and been fraudulently altered as to date and time of payment, is not a holder in due course. Formerly, material alterations in an existing negotiable note, without the consent of the parties to be bound thereby, made the instrument void as to them in the hands of an innocent holder. The first sentence of General Statutes, § 4294, re-enacts the law as it was; the second sentence adds to it a new exception. It is: "But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment

thereof according to its original tenor." As it seems to us, the obvious intention of this provision was to cover material alterations of a note not yet due. It has no application to alterations in a note overdue. *Pensacola State Bank* v. *Melton*, 210 Fed. Rep. 57.

The plaintiff further claims that in permitting Mc-Dermott to retain the note of September 9th, after it had been paid and delivered to him, and thus giving him the opportunity to alter the note and negotiate it with the plaintiff, the defendant was negligent, and because of his negligence should be estopped to deny his liability upon the note to the plaintiff. The trial judge has found that the defendant was careless in allowing McDermott to retain this note after it had been paid, but he has declined to hold that, as a consequence, the defendant was liable. We do not think this finding compels such conclusion. In a sense it was careless to leave the note with McDermott after it had been paid, but the business and personal relations of confidence of the defendant with McDermott made natural a less careful course than would have been reasonable with one with whom long-continued business and friendly relations had not existed. We cannot say as matter of law that such conduct, under the circumstances of this case, was negligence, and we are satisfied the trial court did not intend such a conclusion, either as a matter of law or fact. The note was a completed note, paid and discharged at maturity. It had ceased to have a legal existence. It was a mere bit of paper. There was nothing in the course of his relations with McDermott to cause the defendant to distrust him. He could not anticipate that McDermott would alter this paper and by his criminal act make it upon its face a live negotiable note, and thereafter effect its negotiation. Had this instrument been an existent, but an incomplete, note, and had McDermott, to whom

it had been intrusted, fraudulently completed it and then negotiated it, the maker would be held to have foreseen that his conduct might lead to this result, and the title of the innocent holder be held good. But the maker cannot reasonably be held to foresee that the trusted holder of a fully completed note will fraudulently alter its terms and then negotiate it; and negligence cannot be predicated upon the failure to anticipate this result. *Aetna National Bank* v. *Winchester,* 43 Conn. 391; *Exchange National Bank* v. *Bank of Little Rock,* 7 C. C. A. 111, 58 Fed. Rep. 140; *National Exchange Bank* v. *Lester,* 194 N. Y. 461, 87 N. E. 779; *Greenfield Savings Bank* v. *Stowell,* 123 Mass. 196.

The plaintiff relies upon the case of *Rockville National Bank* v. *Citizens Gas Light Co.,* 72 Conn. 576, 45 Atl. 361, as decisive of this case. The cases are dissimilar. In the *Rockville Bank* case, bonds of the gas company had been paid before maturity and left uncancelled in the hands of its treasurer and never reissued. The treasurer wrongfully negotiated the bonds. The bonds were on their face good; they were not overdue; they had not been altered in any particular. A purchaser without notice of defect in the bonds should acquire a good title, and the maker of the bonds should, through its negligence in putting the bonds into circulation, be estopped to deny the holder's title. In this case the note had matured and been paid; upon its face it was not negotiable; the agent of the maker fraudulently altered the note and gave it the appearance of validity and then negotiated it. Had the note been paid before maturity, and negotiated before maturity without alteration, the case would be governed by the *Rockville Bank* case.

When the plaintiff, on November 22d, discounted the note described in the second count, it delivered to McDermott the note of July 20th, 1909; and the plain-

tiff contends that, in giving up the note of July 20th in substitution of that of November 22d, it gave up something of value, and, as the note of November 22d was not paid at maturity, the substitution of this note for that of July 20th was not payment of the latter note, and it is therefore entitled to recover upon it.

The finding disposes of this point, for it recites that the defendant never signed the note of July 20th; hence that note never had a valid existence, and the substitution for it of the note of November 20th gave up nothing of value to the plaintiff.

The plaintiff further insists that the failure of the defendant to specifically deny that he executed and delivered the note described in count two, was, under General Statutes, § 609, an admission of the due execution and delivery of the note. The court finds that these claims were not made upon the trial. If made, they could have been met by amendment. This the court should, of its own motion, have ordered had it understood that such claim was made. Recovery would not have been permitted upon a forged note through a failure to comply with a technical rule of pleading. These were claims which the plaintiff might very properly have waived, since, if pressed, they could and ought to have been avoided. We are of the opinion that the situation presents a fair case for the enforcement of the rule that claims not made in the trial court will not be considered here.

The motions to correct the finding are denied.

There is no error on either appeal.

In this opinion the other judges concurred.