## Bradford Realty Corporation *vs.* Paul F. Beetz, Trustee, et als.

Third Judicial District, Bridgeport, April Term, 1928.

Maltbie, Haines, Hinman, Banks and Avery, Js.

Argued April 10th—decided June 18th, 1928.

*Arthur B. O'Keefe* and *Benjamin F. Goldman,* with whom, on the brief, was *Harry M. French,* for the appellant (defendant Joseph Cohen).

*Walter J. Walsh,* for the appellee (plaintiff).

AVERY, J.   On March 29th, 1923, Adolph Perlroth was the owner of a large tract of land in the town of North Haven, bounded on the west by Whitney Avenue, on the north by Hartley Street, on the east by Bayard Avenue, and on the south by Collett Street. At that time the property was incumbered by a first mortgage to Thomas Hartley, from whom Perlroth purchased the land.   This mortgage at the time of the institution of this action had been reduced to $5,000. On March 29th, 1923, Perlroth conveyed the property to the defendants, Kantrowitz and Hindinger, who paid no cash therefor but gave their promissory note to Perlroth for the sum of $42,500 dated on that date and payable to the order of Perlroth on or before eight months from date with interest.   To secure the payment of this note, they gave to Perlroth a mortgage upon the land.   The land had been mapped and plotted into twenty-two building lots.   The defendants Kantrowitz and Hindinger desired to develop the land and build houses thereon, and did erect dwelling-houses on ten of the twenty-two lots into which the tract was divided.   The agreed price of the land was $27,500, and the remaining $15,000 was advanced by Perlroth in order to help Kantrowitz and Hindinger finance their undertaking at the rate of $1,500 for each house erected.

At the time the mortgage was executed, Perlroth orally agreed with Kantrowitz that as each of the houses was completed and sold by Kantrowitz, he would release such lot from the mortgage on the payment to him by Kantrowitz of the sum of $25 a foot for the land plus such an amount up to $1,500 as Perlroth might have advanced for the erection of the house thereon and would further secure a release of the

Hartley mortgage on such lot. In one or two instances, Perlroth accepted these sums from persons who purchased a lot and house thereon from Kantrowitz, but in such instances the acceptance of the money and the release of the lot from the mortgage was a voluntary act on the part of Perlroth.

Payments were made on the mortgage indebtedness from time to time, so that upon November 4th, the date of the judgment, the amount due on the mortgage with interest had been reduced to the sum of $22,047.76. As the various payments on the mortgage indebtedness were made, Perlroth released from the mortgage nine buildings and building lots upon the payment of $1,500 for each house erected, plus the original cost of the lot with accrued interest. All of these nine lots were thus released before the defendant Cohen obtained any interest in the premises.

On May 18th, 1926, after the maturity of the note, Perlroth indorsed and delivered the note and assigned his mortgage security thereunder to I. Harry Levine of New Haven for value received. On June 11th, 1926, Levine indorsed and delivered the note and assigned his mortgage security thereunder to the plaintiff corporation for value and the plaintiff is now the owner and holder of the mortgage note.

Upon one of the lots, number thirty-one, which had not been released from the mortgage, the defendants Kantrowitz and Hindinger erected a dwelling-house.

On June 20th, 1925, the defendant Cohen obtained a mortgage on lot number thirty-one from defendant Kantrowitz (Hindinger having quitclaimed his interest in the land to Kantrowitz) for the sum of $3,056 to secure a note for that sum. This was the first and only time that defendant Cohen obtained any interest in the premises. The defendant Cohen, a painter by trade, was, at the time, engaged in painting some of the

houses, including the house on lot number thirty-one, for defendant Kantrowitz, and stopped his work and demanded security for the payment thereof before he would resume. Upon receipt of the mortgage, he continued his employment. The defendant Cohen had knowledge that Perlroth had released certain of the lots upon which buildings had been erected upon payment to him of certain sums, but Perlroth at no time entered into any agreement with Cohen with reference thereto nor was the matter ever discussed between them.

Lot number thirty-one, on which is the building mortgaged by Cohen, is reasonably worth the sum of $6,000. The other lots remaining subject to plaintiff's mortgage are reasonably worth the sum of $19,500, making a total valuation for the property secured by the plaintiff's mortgage of $25,500. Defendant Cohen, before the bringing of this action, offered to pay to the plaintiff the sum of $2,750 for a release by the plaintiff of his mortgage on lot number thirty-one, that sum being estimated by the defendant at $1,250 for the lot and $1,500 for the building, together with interest thereon from the date of plaintiff's mortgage. No taxes have been paid since 1923 on the premises, the amount due being considerable, but the whole amount thereon did not appear.

The plaintiff acquired the note subsequent to its maturity and therefore takes it subject to such defenses as may have existed at the time of the transfer. *Fairfield County National Bank* v. *Hammer*, 89 Conn. 592, 594, 95 Atl. 31. The plaintiff, therefore, has no higher claim upon the defendant than Perlroth would have had.

The agreement between Perlroth and Kantrowitz was an oral agreement, made at the time of the mortgage. Cohen was not a party to the agreement; nor

does it appear to have been made in any sense for his benefit. Apparently it was made by Perlroth to help Kantrowitz and Hindinger finance their undertaking. The trial court has not found, and certainly we cannot say as matter of law, that the parties to it intended it should run with the land. If they had any such intention, they naturally would have incorporated the agreement into the mortgage which, by its terms, was payable entirely eight months after its execution. In determining whether a covenant will run with the land, a material inquiry always is whether the parties so intended. *Sexauer* v. *Wilson,* 136 Iowa, 357, 362, 113 N. W. 491; *Maryland & P. R. Co.* v. *Silver,* 110 Md. 510, 515, 73 Atl. 297; *Doty* v. *Chattanooga Union Ry. Co.,* 103 Tenn. 564, 568, 53 S. W. 947; *Brown* v. *Southern Pacific Co.,* 36 Ore. 128, 130, 58 Pac. 1104; *Pittsburgh, C. & St. L. Ry. Co.* v. *Bosworth,* 46 Ohio St. 81, 87, 18 N. E. 533. We cannot find error in the conclusion of the trial court that the agreement between Perlroth and Kantrowitz for the release of individual lots from the mortgage was a personal one and did not run with the land, and therefore could not inure to the benefit of Cohen, a subsequent mortgagee from Kantrowitz who was not a party to it or one for whose sole and exclusive benefit it was made. To have construed the agreement otherwise would not only have given it a construction contrary to the manifest intention of the parties, but would also impute to them an intent to make an agreement unenforceable because of the statute of frauds. *Brooks* v. *Benham,* 70 Conn. 92, 97, 38 Atl. 908, 39 id. 1112.

The total value of the mortgaged premises, including the defendant Cohen's lot, being $25,500, and the indebtedness on the first mortgage and that of the plaintiff being $27,047.76, to say nothing of unpaid taxes since 1923, it is plain that the defendant Cohen

presents no equity in favor of an attempted marshaling or apportioning of the indebtedness. *City National Bank* v. *Stoeckel,* 103 Conn. 732, 743, 132 Atl. 20. Nor can the appellant complain of the action of the court in refusing to order a sale of the property. The foreclosure of a mortgage by sale is not a matter of right, but rests in the discretion of the court before which the foreclosure proceedings are pending. General Statutes, §5224. As no equity in the property over and above the first mortgage and the plaintiff's mortgage was shown in defendant Cohen, the trial court wisely refused, in the exercise of its discretion, to impose upon the plaintiff the additional cost and expense of a foreclosure by sale.

There is no error.

In this opinion the other judges concurred.