### The North End Bank and Trust Company *vs.* Abraham H. Mandell et als.

Third Judicial District, Bridgeport, April Term, 1931.
Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 15th—decided June 1st, 1931.

*Edward J. McCarthy,* for the appellants (defendants).

*Clarence R. Hall,* for the appellee (plaintiff).

Avery, J. August 6th, 1920, the plaintiff loaned to The Hibernian Building Association of Bridgeport, Inc., $15,000, taking its note, secured by a mortgage on its property in Bridgeport, for that amount. There was also received, as further security, the written several guaranty of payment of the note, signed by Dan-

iel J. O'Connor, Frank J. Brady, James J. Rawley, William Clifford, Patrick McCarthy, James F. Whelan, James J. Small and John F. McCarthy. December 10th, 1927, the Building Association, by warranty deed, conveyed the mortgaged premises to Abraham H. Mandell, who, in the deed, assumed and agreed to pay the mortgage note held by the plaintiff. Between the date of the note and July 1st, 1930, $5000 was paid to the plaintiff on account, leaving an unpaid balance of $10,000. By writ returnable the first Tuesday of September, 1930, the plaintiff brought an action to foreclose the mortgage, asking for a deficiency judgment against Mandell and the guarantors who were made parties defendant. Mandell and two of the guarantors, Frank J. Brady and William Clifford, made default of appearance. The remaining guarantors filed appearances. September 5th, 1930, the plaintiff filed a motion for foreclosure by sale. September 19th, 1930, judgment of foreclosure by sale was entered. October 2d, 1930, the appraisers appointed by the court, filed their report, appraising the premises at $12,500. Thereafter, October 15th, 1930, the premises were sold, pursuant to the judgment, for $5000. December 15th, 1930, the plaintiff claimed a deficiency judgment against Mandell and the guarantors in the amount of $5524.42 which sum represented the full amount of the plaintiff's claim with expenses and costs, less the sale price of the premises. The appearing guarantors, at the hearing, claimed there should be a further credit on their debt of $3750, being one half the difference between the value of the premises as found by the appraisers and the sales price as of the date of sale, and that the deficiency judgment should be reduced by deduction of the latter amount to $1774.42. The court entered a deficiency judg-

ment for $5524.42 and the guarantors who had appeared, duly appealed to this court.

Two questions are presented in this case: (1) Whether the provision for a further credit of one half the difference between the appraised value and the sales price of real estate under foreclosure must be allowed before any deficiency judgment may be entered as provided in General Statutes, § 5116, when the foreclosing plaintiff makes a motion for foreclosure by sale, and (2) whether the guarantors of payment of the mortgage can require such credit when they have been made parties defendant in a foreclosure action by the plaintiff who asks a deficiency judgment against them. The statute is appended in the footnote. It provides that all persons "liable to pay the debt secured by such mortgage or lien may be made parties"; and, further, "no judgment shall be rendered in such suit or in any other for the unpaid portion of the debt or debts of the party or parties upon

---

Sec. 5116 [Revision of 1930]. WHEN PROCEEDS OF SALE WILL NOT PAY IN FULL. If the proceeds of such sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in such cause for such deficiency against any party liable to pay the same who is a party to the cause and has been duly served with process or has appeared therein, and all persons liable to pay the debt secured by such mortgage or lien may be made parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment shall be finally rendered therein, such other proceedings shall forthwith abate. If the property shall have sold for less than the appraisal provided for in section 5113, no judgment shall be rendered in such suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of such sale until one-half of the difference between such appraised value and such selling price shall have been credited upon such debt or debts as of the date of sale; and, when there shall be two or more debts to which it is to be applied, it shall be apportioned between them.

whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of such sale until one-half of the difference between such appraised value and such selling price shall have been credited upon such debt or debts as of the date of sale; and, when there shall be two or more debts to which it is to be applied, it shall be apportioned between them." This statute was before us for consideration in *Staples* v. *Hendrick,* 89 Conn. 100, 103, 106, 93 Atl. 5, and *Acampora* v. *Warner,* 91 Conn. 586, 588, 101 Atl. 332. In these cases, the history of the legislation and the object to be accomplished thereby is discussed. In the *Staples* case, we said (p. 103): "The plain object of these provisions is to require a mortgage creditor, who appropriates property in part payment only of his debt, to apply the actual value of the security to the debt before collecting any claimed deficiency," and further, in the same case: "The apparent object of § 4146 [now § 5116, Rev. 1930] is to attach a condition, under certain circumstances, to the allowance of a deficiency judgment, or to the collection in any other manner of the unpaid portion of the debt or debts secured by the mortgage or lien thereby foreclosed. There is good reason for such a condition, for it is reasonable and in accordance with established practice in cases of strict foreclosure to require (in case any party desires it) a foreclosing plaintiff who appropriates the property in part satisfaction only of his debt, to apply the appraised value of the property on the debt before claiming a deficiency judgment for the amount of any alleged deficiency,—so it is reasonable to require a foreclosing plaintiff who asks for a foreclosure by sale, with a view to the possibility of obtaining a deficiency judgment in the same action, to bear a moiety of any

shrinkage in the appraised value resulting from such a sale."

In view of the interpretation placed upon it in these cases and the language of the statute itself, when thoughtfully considered in its entirety, we think the "unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered" employs the word "debt" in the sense of the sum due to a creditor and not in the sense of an obligation payable by a debtor. A foreclosure by sale is not a matter of right, but rests in the discretion of the court before which the foreclosure proceedings are pending. *Bradford Realty Corporation* v. *Beetz,* 108 Conn. 26, 31, 142 Atl. 395. When a foreclosing plaintiff asks and obtains an order of sale instead of taking over the property by a strict foreclosure, he causes, in many instances, a sacrifice of its value. It is just and equitable that if he seeks a deficiency judgment, part of the loss in value sacrificed by the forced sale should fall on him.

The mortgagee is entitled to no more than the satisfaction of his debt, and if that has been paid in full, either in cash or by the appropriation of the property to its payment, there is nothing further due him. *Bergin* v. *Robbins,* 109 Conn. 329, 334, 146 Atl. 724. "When collateral security is given, or property assigned, for the better protection or payment of a debt, it shall be made effectual for that purpose,—and that not only to the immediate party to the security, but to others who are entitled to the debt. And to make them thus effectual, a court of chancery will lend its aid." *Homer* v. *Savings Bank of New Haven,* 7 Conn. 478, 484; *New London Bank* v. *Lee,* 11 Conn. 112, 118; *Stearns* v. *Bates,* 46 Conn. 306, 312. In the absence of statute a guarantor of a mortgage debt is not a proper party to a foreclosure suit. 3 Jones, Mort-

gages (8th Ed.) §§ 1821, 1822. "Authority is sometimes given by statute to join such obligors in foreclosure and obtain a deficiency judgment against them." 3 Jones, Mortgages (8th Ed.) § 1823. Our law, General Statutes, § 5080, provides: "The foreclosure of a mortgage shall be a bar to any further action upon a mortgage debt, note or obligation, unless the person or persons who are liable for the payment thereof are made parties to such foreclosure." "If the mortgagee is not willing to take the property mortgaged as full payment for his debt, he has only to make all the persons to whom he may wish to resort for further payment parties to his foreclosure suit." *Ansonia National Bank's Appeal,* 58 Conn. 257, 259, 18 Atl. 1030. Having been brought in by the plaintiff as defendants in the foreclosure action, the guarantors are entitled to have the value of the security as ascertained by law applied pro tanto to the satisfaction of the debt; and in computing the deficiency to be paid by them, the statutory credit is to be allowed to the same extent as if claimed by the mortgage debtor. It follows that the appearing guarantors were entitled to a credit of one half the difference between the sales price and the appraised price.

There is error; the deficiency judgment is set aside as to the appellants, and the cause remanded to the Superior Court with directions to enter a deficiency judgment against them as of December 15th, 1930, in the amount of $1774.42.

In this opinion the other judges concurred.