CENTRAL BANK FOR SAVINGS *v.* JOSEPH STAN HEGGELUND ET AL.
(8619)

SPALLONE, DALY and NORCOTT, Js.

Argued June 14—decision released September 18, 1990

*Bruce A. Fontanella,* with whom, on the brief, was *Linda J. Ness,* for the appellant (plaintiff).

*Henry D. Marcus,* for the appellee (named defendant).

SPALLONE, J. The plaintiff, Central Bank for Savings, appeals from the judgment of the trial court denying its motion for a deficiency judgment and sustaining the defendant Joseph Heggelund's objection thereto. We reverse the judgment of the trial court.

Central Bank held the first and second mortgages on Heggelund's condominium apartment in Hartford. The first mortgage was in the principal amount of $96,000; the second, $100,000. Upon Heggelund's default, the bank commenced its foreclosure action in December, 1988, moving for the strict foreclosure of the second mortgage. A subsequent encumbrancer, however, Hyman Stollman, moved for a foreclosure by sale.

At the foreclosure hearing, the court found the value of the mortgaged premises to be $300,000. Because the total debt encumbrancing the property was approximately $231,000, there seemed to be substantial equity to be realized. The court, therefore, denied Central Bank's motion for strict foreclosure and granted Stollman's motion and rendered a judgment of foreclosure by sale. The court appointed appraisers subsequently valued the premises at $235,000.

On July 22, 1989, the court appointed committee sold the property to Central Bank, the only bidder at the

auction sale, for the sum of $50,000. The bank then sought the court's approval of the sale. Heggelund objected, protesting that approval of the sale would leave him vulnerable to a deficiency judgment. Thereafter, the court denied Heggelund's request for another public auction sale and granted the bank's motion for approval of the sale at $50,000. The property was transferred to the bank subject to its first mortgage of approximately $106,000 in principal and interest.

On October 6, 1989, the bank moved for a deficiency judgment in the amount of $72,746.22, representing the difference between the sale price and Heggelund's obligation, including the debt principal, interest, committee and appraisal fees and sales expenses. Heggelund objected, arguing that the motion for a deficiency judgment was untimely and inequitable. The trial court found the bank's motion to have been timely filed[1] but, nevertheless, denied the bank's motion for a deficiency judgment and sustained Heggelund's objection thereto. This appeal followed.

The court stated two grounds for its refusal to grant a deficiency judgment: (1) that no deficiency existed because, pursuant to General Statutes § 49-28, Heggelund was entitled to a credit on his debt equal to one half of the estimated property value unrealized in the sale, and (2) that the bank received the equitable equivalent of a strict foreclosure after which no deficiency

---

[1] In his brief, Heggelund again raises, as an alternate ground for affirming the trial court's decision, the claim that Central Bank's motion for deficiency judgment was untimely filed. We agree with the court that the bank's motion of October 10, 1989, was timely. The thirty day time limit for moving for a deficiency judgment pursuant to General Statutes § 49-14 begins to run from the day the title transfer becomes absolute, which in this case was on September 19, 1989, the day the court approved the sale of the property to the mortgagee. See *Maresca* v. *DeMatteo*, 6 Conn. App. 691, 694, 506 A.2d 1096 (1986).

judgment may be awarded. Central Bank claims on appeal that neither ground is appropriate in these circumstances, and we agree.

General Statutes § 49-28[2] provides the criteria for determining when a deficiency judgment may be obtained after a foreclosure by sale and for calculating the amount of such judgment. If the property has been sold for less than the appraised value, the unpaid portion of the debt must be reduced by one half of the difference between the appraised value and the sales price before any deficiency may be obtained. "It is just and equitable that the party who asks and obtains an order of sale in place of a decree of strict foreclosure . . . if he seeks a deficiency judgment should bear a part of the value sacrificed by the forced sale." *Cronin* v. *Gager-Crawford Co.*, 128 Conn. 688, 691–92, 25 A.2d 652 (1942). The burden sharing formula applies, however, only to those parties who moved for the foreclosure by sale. Id., 691.

After the property sale brought unexpectedly low proceeds, the bank's only option for satisfying the debt

---

[2] General Statutes § 49-28 provides: "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause and has been served with process or has appeared therein, and all persons liable to pay the debt secured by the mortgage or lien may be made parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate. If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of such sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."

was to move for a deficiency judgment. By reducing the debt by the statutory credit formula, the court here overlooked the express words of § 49-28 limiting this provision to "the party or parties upon whose motion the sale was ordered." The bank here was *not* the party who moved for the foreclosure by sale. Central Bank, rather, moved for a strict foreclosure and the court denied this motion in favor of Stollman's motion for foreclosure by sale. As a nonmoving party, the bank may not be forced "to bear a moiety of any shrinkage in the appraised value resulting from such a sale." *North End Bank & Trust Co.* v. *Mandell,* 113 Conn. 241, 244–45, 155 A. 80 (1931). The court, therefore, incorrectly held the bank to be a party subject to the statutory penalty and incorrectly determined that no deficiency was due.

The court also refused to render a deficiency judgment on equitable grounds. In fairness to Heggelund, the court determined that the bank should not both acquire the property for a nominal amount plus its own prior encumbrance and also secure satisfaction of the debt. The court decided that because, after the public auction, the bank was in the same position in which it would have been following a strict foreclosure, no deficiency was owed.

The court's solicitude for Heggelund is understandable but inappropriate at this stage in the proceedings. The court itself valued the property at $300,000 yet approved the sale price of $50,000 over Heggelund's objections. If the court wanted to protect Heggelund from a future deficiency liability, it had the equitable power at the hearing on the bank's motion for approval of the sale to disapprove the sale and instead to order a strict foreclosure. See *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1988); *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 184, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985).

Heggelund, who expressed his concerns on the record about his vulnerability to a deficiency judgment, neither appealed the approval of the sale nor sought to reach an agreement with the bank to forestall a motion for deficiency.[3] The confirmation of a foreclosure sale is a final determination that the mortgaged property was sold at a fair price. *Cronin* v. *Gager-Crawford Co.*, supra, 693. Having chosen to approve the foreclosure by sale, the court cannot later, in effect, change its judgment to a strict foreclosure when the consequences of the judgment of sale become manifest.

In summary, the proceeding before the court was a motion for a deficiency judgment following a foreclosure by sale, not a strict foreclosure, and the bank is entitled to the satisfaction of the debt. The mortgagee is entitled to recover the difference between the property's actual value as determined by the sale price and the amount of the debt. Id., 695. Because the bank did not move for the foreclosure by sale from which it suffered, the deficiency is not to be reduced by the statutory formula.

The judgment is reversed and the case is remanded for a hearing to determine the debt and the deficiency due thereon.

In this opinion the other judges concurred.

---

[3] The defendant Heggelund suggests that the court approved the auction sale and that he did not appeal from that judgment in reliance on the bank's waiver of its right to seek a deficiency judgment. After reviewing the transcript of the hearing on the bank's motion to approve the sale, we find that the bank made no such representation to the court.