[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
It is well settled "that the confirmation of a foreclosure sale is the final determination by the court that the mortgage property was sold at a fair price, the defense of inadequacy of price cannot be raised in subsequent proceedings, and for the purpose of a deficiency decree the price obtained at the sale is conclusive on the question of the market value of the property." Cronin v. Gager-Crawford Co., 128 Conn. 688, 692 (1942). Because the trial court can disapprove a sale if found to be unfair or inequitable and can instead enter a judgment of strict foreclosure, these rules are obviously "well calculated to accomplish a just result." Id. at 693.
As recently reiterated, if the court wants to provide the owner with protection from a future deficiency liability, it has the equitable power at the hearing on the plaintiff bank's request for approval of the sale to disapprove it and instead to order a strict foreclosure. Central Bank for Savings v. Heggelund, 23 Conn. App. 266, 270 (1990). The owner is is certainly due to take an appeal from the approval of the sale Id. See also, Second National Bank of New Haven v. Burtchell, 166 Conn. 388
(1974) and Raymond v. Gilman, 111 Conn. 605 (1930). Where the owner chooses to forego this right, however, the court's approval of the foreclosure by sale is binding and the court cannot later convert its judgment to one of strict foreclosure "when the consequences of judgment of sale become manifest." Id. at 271.
In the case at hand, the defendant in effect seeks to revive the issue of approval of the sale at the hearing on the deficiency judgment. No one contests here, that unless the defendant personally asked for a foreclosure by sale, the court was required to choose foreclosure by sale because the value of the property exceeded the debt.[1] Certainly, as indicated, the defendant could have waived this right or he could have asked at the time of the confirmation hearing to convert the sale to a strict foreclosure. He did neither. Unfortunately, despite an interesting factual twist, he must meet with the same unfavorable CT Page 1099 result that the defendant Heggelund encountered.
The interesting factual twist pertains to the contingent option granted to the defendant's tenant, the Blankenships, which was never activated, the condition precedent of a strict foreclosure not having been met. The defendant now in effect, argues that the problem facing the defendants in Heggelund not surface here because of some fraud perpetrated by the bank for its failure to disclose the existence of the option agreement it had with the Blankenships. Unfortunately, for his position, there is no legal duty requiring the bank to disclose to the property owner the existence of a potential buyer.[2] Nor is there any mandate that the plaintiff bank notify the court that there is a potential buyer of the property at the amount of the debt. While knowledge of such a potential purchase might be of interest to a court, it would not be of great consequence. The fact that the bank is willing to sell the property for the amount of the debt it is owed, has less to do with value than it does the bank's interest in recouping its losses.[3] Moreover, once the property was ordered sold, the option lost all force and effect it might otherwise have had; that is, the Blankenships no longer had a deal with the bank to purchase the property for the bank's debt an were free to bid at the sale. In the absence of any viable agreement between those parties, there was no violation of the rule against chilling and suppressing bids at a public sale. See 47 Am. Jur.2d, Judicial Sales, 147.
Therefore, plaintiff is entitled to pursue his request for a deficiency judgment, the amount to be determined at a future hearing.
KATZ, J.