[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPROVAL OF SALE
This case, involving a foreclosure by the plaintiff of tax liens for real estate taxes due on the lists of October 1, 1984 — 1986, inclusive, amounting to approximately $140,000 as of the date of the Committee sale, has a long and tortuous history, having been appealed to the Appellate Court, Voluntown v. Rytman, 21 Conn. App. 275 (1990), cert. den. ___ Conn. ___ (1990). The Committee sale was ordered on the plaintiff's motion and held, and the Committee entered into a bond for deed with the highest and only bidder, the plaintiff, in the amount of $40,000. There is now before this Court a motion for approval of the Committee report, deed and sale and a motion by the defendant Rytman for a motion for judgment of strict foreclosure. As the other defendants have not participated in the hearings on these motions, the owner of the equity, Rytman is referred to as the defendant herein.
The defendant claims that it would be inequitable to approve the sale, thereby exposing him to a deficiency judgment, especially since the appraised values of the premises ranged from $1,680,000 (Town of Voluntown assessment on which the tax liens being foreclosed are based); $800,000 (trial court finding on January 9, 1989); $452,800 (Town's Tax Assessor, June 20, 1988); $230,000 (court-appointed appraisers 1/3/91, majority report; dissenting appraiser $940,000); and argues that the judgment or foreclosure by sale be converted to a strict foreclosure according to the authority of Central Bank for Savings v. Heggelund, 23 Conn. App. 266, 270 (1990); cert. granted, 217 Conn. 804 (1991).
The defendant also stated, by his counsel, with defendant present in the courtroom, that he would have no objection to the approval of the sale, provided the plaintiff would not seek to collect any unpaid taxes, by deficiency judgment or other means. The plaintiff, through its counsel, stated for the record that it would not seek a deficiency judgment, but is not waiving any rights it may have to pursue collection of the unpaid taxes by other means. The defendant points to no infirmity in the Committee's actions in showing or advertising the premises for sale or in the bidding process. Significantly, none of the subsequent encumbrancers entered a bid for the property. Moreover, the defendant points to no instance where the Committee deviated in the performance of the terms and conditions of the judgment of foreclosure by sale.
Approximately 30 persons were present for the bidding and were permitted to view and inspect the premises, and the defendant presented no evidence that if the sale were rejected, a second CT Page 4623 sale would bring about a better result.
The Court also observes that the sale was advertised that the premises were to be sold ". . . free and clear of the taxes herein being foreclosed and of all claims subsequent in right thereto . . . and without adjustment of any kind. . . ." The Committee also advised potential bidders that the successful bidder would be required to assume all outstanding real estate taxes due and payable to the Town of Voluntown on the lists of October 1, 1987, October 1, 1988 and October 1, 1989, in the amount of $139,206.11. The Committee prepared a bond for deed incorporating the assumption of these taxes by the buyer as part of the sales price, and during argument, the Court was informed by counsel that the taxes, lien fees and interest due for the lists of 1987, 1988 and 1989 totaled $139,206.11 as of the date of the auction. The Court therefore concludes that the effective bid price was $40,000 (the highest and only bid) plus the assumption of the taxes to be assumed by the buyer on the lists of 1987, 1988 and 1989 of $139,206.11 for a total sale price of $179,206.11.
This is buttressed by the fact that the plaintiff, who was the successful bidder, signed the Committee's bond for deed, obligating the plaintiff to assume said unpaid tax obligations as part of the purchase price. The Court finds that under the circumstances of this case, the effective purchase price of $179,206.11 was the highest price possible. The Court also notes that additional taxes due the plaintiff of approximately $43,000 will be due and payable to the plaintiff July 1, 1991. The Court further finds that it would be economically wasteful to order another sale; and to decree a strict foreclosure, even with very early law days for the holder of the equity of redemption, and subsequent encumbrancers, would be futile, as there is no showing that any would be able to, or willing to redeem.
The Court also finds that the effective sale price of $179,206.11, and the assumption of taxes on the list of October 1, 1990 in the amount of $43,000, when compared with the majority appraisal of $230,000 as the value of the premises is sufficient for the Court to approve the sale, and that it would be inequitable under the circumstances presented here for the plaintiff to seek any further recovery from the defendant on said lists of October 1, 1987, October 1, 1988, October 1, 1989 and October 1, 1990.
If, as the plaintiff seems to argue, the $40,000 was the effective bid price, then the Court would reject the sale and order strict foreclosure because it is clearly inadequate. CT Page 4624
"A foreclosure by sale may result in bids not only less than the appraised value of the property, but even less than the foreclosing mortgagee's loan, allowable expenses and taxes. Because the trial court has control of the foreclosure proceedings, it can, in the exercise of its discretion, accept or reject a proposed sale. "`(A) court of equity of a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. . . . In this control over the foreclosure sale under its decree, the court could consider and determine the value of the property sold to the mortgagee and what the mortgagee would thus realize upon the mortgage debt if the sale were confirmed'" Fidelity Trust Co. v. Irick, 206 Conn. 484, 490 (1988).
"The mortgagee is entitled to no more than the satisfaction of his debt, and if that has been paid in full, either in cash or by the appropriation of the property to its payment, there is nothing further due him." North End Bank 
Trust Co. v. Mandell, 113 Conn. 241, 245 (1931). "An action for foreclosure is equitable and the court may consider all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175
(1985).
For the foregoing reasons, the sale is hereby approved, provided that the plaintiff by payment of the price and by acceptance of the Committee deed of sale shall be deemed to be paid in full for the real estate taxes due the plaintiff on the lists of October 1, 1987 through October 1, 1989, inclusive. The motion for a judgment of strict foreclosure is denied.
It is also ordered that the Committee deed, report, expenses and fees are approved, together with the appraisers' fees, as on file.
TELLER, J.