[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF EAST HARTFORD'S MOTION FOR DEFICIENCY JUDGMENT
This is an action to foreclose a first mortgage held by the plaintiff, People's Bank, against the defendants, Robert R. Beaulieu and Johanna E. Beaulieu, on certain property in Manchester, Connecticut, owned by said defendants. First Federal Savings and Loan Association of East Hartford (hereinafter First Federal) is the holder of a second mortgage on said property.
Pursuant to the granting of a motion for foreclosure by sale, the property was sold at auction for $315,000. First Federal's total debt (including attorney's fees) amounts to $59,441.65 plus additional interest. The plaintiff's debt, plus expenses of sale, will exceed the sale price of $315,000, leaving First Federal a deficiency of its entire debt and expenses. It now seeks a judgment for this deficiency.
The defendants, Robert P. Beaulieu and Johanna E. Beaulieu, claim that the deficiency must be credited by one-half pursuant to General Statutes 49-28. The property sold for less than the appraised value.
In relevant part, that statute provides as follows:
 . . . If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them." (emphasis added).
The Beaulieus claim that inasmuch as First Federal moved for a foreclosure by sale, it is subject to the penalty provisions of 49-28.
First Federal argues that the penalty provisions apply only to the foreclosing party (plaintiff).
LAW AND CONCLUSION
The Connecticut Supreme Court has had the opportunity to consider this question in connection with its interpretation of CT Page 10046 the predecessor statute to 49-28 in Staples v. Hedrick,89 Conn. 100, 105 (1915), cited with approval in North End Bank Trust Co. v. Mandell, 113 Conn. 241, 244 (1931). This court has conducted extensive research subsequent to these cases and is of the opinion that they still represent the law in this state.
The Staples court decided that the language of the statute applied only to the foreclosing party and therefore the words "party or parties" did not apply to subsequent lien holders who sought a foreclosure by sale.
The court's rationale was based on the first portion of then 4146, which language is present in the first portion of49-28, which commences:
 "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed . . . ." (emphasis added).
The court reasoned that the statute said nothing about any subsequent lien being foreclosed. Staples, 105. It also addressed that language which referred to ". . . the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered . . ." and found the word "parties" to refer only to those instances when the foreclosing lien holders hold liens of similar rank and priority. Id. 105.
The court also pointed out the logical rationale for its decision when it noted that in many cases a sale would be the only practical way for a subsequent lienholder to protect its interest. If it were forced to redeem it could conceivably be required to pay off a large prior encumbrance which might mean that the cost of redemption would be for the most part prohibitive. Id. 106-107.
This court concurs with that reasoning and holds that the words party or parties in 49-28 apply only to the foreclosing lienholder in terms of the penalty provisions of that statute.
The motion for a foreclosure by sale by the second mortgagee First Federal did not therefore subject it to the penalty provisions of General Statutes 49-28 and judgment may enter for its full deficiency.
Freed, J.