[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action, the defendant, William A. DiBella, objects to the motion of the court-appointed Committee for approval of a committed sale and acceptance of the committee report.
The facts are as follows: On May 21, 1991 the court entered a judgment of foreclosure by sale on the motion on a second mortgagee. The plaintiff's debt was found to be $910,658.95, an appraisal fee of $350 and title fee of $150 were awarded, and decision was read a, to the plaintiff's counsel fee. The sales date was set: as December 7, 1991. Subsequently on plaintiff's motion and without opposition from the defendants, the sales date was advanced to November 2, 1991. The three court-appointed appraisers filed appraisals of the market value of the property as follows: one at $1,000,000, one at $900,000, and one at $810,000. At the sale the only bidder was the plaintiff, which bid $550,000. The committee seeks approval of a sale at that price.
Defendant DiBella, a guarantor of the note secured by the mortgage foreclosed upon, objects to approval of the sale. At the hearing on this motion, Richard Hagearty, one of the appraisers who valued the property at $900,000, testified that because the wetland approval of the subject property has expired, he revised his appraisal to $600,000. But he also testified that on reapplication the wetland approval was likely to be granted again.
In deciding whether or not to approve a committee sale the court "must exercise its discretion and equitable power with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owner." Fidelity Trust Co. v. Irick, 206 Conn. 484, 490 (1988).
Here the disparity between the appraised values rendered by the court-appointed appraisers, even taken into account Hagearty's revised appraisal, and the sales price is too great to justify approving the sale. Accordingly, the court exercises its discretion and equitable power to achieve fairness by denying that approval.
Lying in wait is a potential deficiency judgment against the mortgagor and its guarantors. The sale was properly conducted by the committee and there is no reason to believe CT Page 832 another committee sale of said land is likely to realize a price in excess of plaintiff's debt, now of the order of $915,000. The court, therefore, exercises its discretion to order a strict foreclosure. Central Bank for Savings v. Heggelund, 23 Conn. App. 266,270 (1990). The court sets the law day for defendant mortgagor as February 3, 1992, and subsequent days in inverse order of priority for subsequent encumbrancers. The court awards the committee its expenses of $1,630.39 and a fee of $3,067.50.
R. Satter State Trial Referee