[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose both a first and a second mortgage given to the plaintiff, First Constitution Bank, by the defendants, Thomas J. Pulito and Marlene Pulito, on several of their properties located in Monroe.
The first note is dated March 11, 1988, and was signed by both defendants, as well as by Anthony C. Testo as co-maker, in the amount of $250,000. The second note was for a construction loan of $150,000 dated October 12, 1989, which became a first mortgage on the Monroe properties. The prior note was subordinated to this second note and the mortgage given as security.
On June 14, 1991, on motion of the plaintiff, the court entered a judgment of strict foreclosure. The plaintiff had previously submitted, in accordance with Practice Book 526A, a "list indicating the order in which law days should be assigned to the parties to the action." This list indicated that the Pulitos, as record owners of the properties involved and owners of the equity of redemption, should be assigned the "first law date," Testo should be assigned the "second law date," and the plaintiff the third date. Accordingly, an order was entered assigning August 20, 1991, to the Pulitos, August 21, to Testo, and August 22, to the plaintiff.
Practice Book 526A also provides that: "[o]bjections to the order of law days indicated on said list shall only be considered in the context of a motion for determination of priorities, which motion must be filed prior to the entry of judgment." No such motion was filed before judgment entered on June 14, 1991.
The plaintiff became the record owner of the properties involved in this action on August 22, 1991, as neither the Pulitos or Testo redeemed on the dates assigned to them. On September 20, 1991, the plaintiff moved for a deficiency judgment (#111).
The Pulitos object to this motion on the basis that it was not filed within the time limit set forth in General Statutes 49-14 (a) ("[a]t any time within thirty days after the time limited for redemption has expired, CT Page 391 any party to a mortgage foreclosure may file a motion seeking a deficiency judgment"). They assert that Testo, as a co-maker of the promissory note, was not entitled to a law date because he had no interest in the various properties included in the mortgages from the Pulitos to the plaintiff. If Testo was not entitled to a law date the defendants claim that the motion for a deficiency judgment filed on September 20, 1991, was not filed "within thirty days after the time limited for redemption had expired" on August 20, 1991.
There are several reasons why I believe the defendants' argument is erroneous. The first is the provision in Practice Book 526A that any objection to the order of law days has to be filed prior to the entry of judgment. Secondly, no appeal was taken from the order of strict foreclosure entered on June 14, 1991, which provided for the law days in question. Thirdly, I believe that Testo, as a co-maker of the $250,000 note of March 11, 1988 was entitled to a law day.
The right of a co-maker or guarantor to have a law day is discussed under the heading "Lingering Problems" in Denis R. Caron's treatise Connecticut Foreclosures, Second Edition, 1989, section 19.05, pp. 287-289. The author's conclusion is that such a person is entitled to a law day, basing his opinion in part on The North End Bank and Trust Co. v. Mandell,113 Conn. 241, 246, 155 A. 80 (1931). The theory appears to be that a guarantor, or co-maker in this case, is entitled to the right to redeem in order to avoid a deficiency judgment being entered against him. Caron goes on to say that: "The only equitable law day to assign a guarantor is the second one, immediately following that of the owner, but requiring the guarantor to redeem subject to all other encumbrances, as would be the case for the owner if he redeemed." Id., 289.
Accordingly, the motion by the plaintiff for a deficiency judgment was filed in a timely fashion because Testo was entitled to a law day, and it follows therefore that a deficiency judgment may enter in the amount ordered by the court.
So Ordered.
Dated at Bridgeport, Connecticut this 16th day of January 1992.
WILLIAM B. LEWIS, JUDGE