[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE OR DISMISS DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR DEFICIENCY JUDGMENT
Defendant Granby Griffin Road Associates, a/k/a Granby Griffin Associates, (hereinafter Granby) moves to strike or dismiss and also objects to plaintiff's motion for deficiency on the ground that the deficiency judgment motion was untimely filed. Implicated is Conn. Gen. Stats. 49-14
which provides:
 "(a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." (Underlining added)
The matter raises an issue of first impression respecting the right of endorsers of a note, secured by a mortgage given by a different landowner, to a law day in a foreclosure judgment and also the issue of how to calculate the thirty-day period referred to in 49-14(a).
The facts are as follows: Defendants, Granby, a partnership composed of William C. Bryant, Gerald F. Bryant and Ronald A. Morra, and Copper Hill Chase Associates, a partnership composed of the same partners, executed a promissory note, endorsed by the above individual partners (hereinafter collectively referred to as endorsers), in favor of the plaintiff in the amount of $120,000. The note was CT Page 3271 secured by a mortgage executed by Granby on four lots on Griffin Road, East Granby owned by defendant Granby.
When default occurred, plaintiff instituted this foreclosure action on July 13, 1992. The complaint cites as defendants only the above-named partnerships and individual partners, there being alleged no other subsequent encumbrances on the property. One law firm appeared on behalf of all the named defendants.
On October 9, 1992 defendants filed an offer of judgment acknowledging the debt to be in the principal amount of $120,000 plus accrued interest, proposing a law day of October 22, 1992 for the owner of the equity of redemption, and waiving the time to appeal from the entry of a judgment of strict foreclosure. Defendants also filed a motion to limit the imposition of interest, late fees and attorney's fees in light of their willingness to proceed on November 30, 1992. The court granted defendants' motion and ordered disallowed any interest, late fees or attorney's fees incurred after October 7, 1992.
On December 21, 1992 the court entered a judgment of strict foreclosure, found the debt to be $125,630, awarded counsel fees, reserved decision (by agreement of the parties) on fair market value of the property until the time of deficiency judgment, and set the law day as January 19, 1993 "for the owner of the equity of redemption, and subsequent days for subsequent encumbrances in the inverse order of priorities."
The defendants failing to redeem, plaintiff moved, on February 19, 1993, for a deficiency judgment, asserting title vested in plaintiff on January 25, 1993, requesting an evidentiary hearing on the value of the property as of that day and a determination of the amount of the deficiency judgment.
Defendants filed the motions now before this court to strike/dismiss and an objection to plaintiff's motion for a deficiency judgment, claiming plaintiff failed to file the motion within the thirty days after the last day for redemption had expired, as required by 49-14(a).
The first question in applying the statute in this case CT Page 3272 is when is the last day of redemption? The court set the law day as January 19, 1993 for the owner of the equity of redemption and subsequent days for subsequent encumbrances. Plaintiff in his deficiency judgment motion alleges title vested in plaintiff on January 25, 1993, implying that after the law day of January 19 for defendant Granby, owner of the equity, defendants Copper Hill Chase Associates, a maker of the promissory note, and the three partners, as endorsers of the note, each were entitled to succeeding law days. There is no doubt the co-maker and endorsers must be parties to this motion if the plaintiff seeks to hold them liable on the note. General Statutes 49-1 mandates that. It provides:
 The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure. . . .
The Supreme Court in North End Bank Trust Co. v. Mandell, 113 Conn. 241 (1931), quotes from Ansonia National Bank's Appeal, 58 Conn. 257, 259 (1890), as follows:
 If the mortgagee is not willing to take the property mortgaged as full payment for his debt, he has only to make all persons to whom he may wish to resort for further payment parties to his foreclosure suit.
The issue then is whether or not a co-maker and endorsers, being named parties, but not being mortgagors, are entitled to law days.
Connecticut Foreclosures, Caron, Denis R., 2nd ed. (1991), authoritative commentator on the subject, implies, at 19.05, p. 287 et seq., that guarantors (and presumably endorsers of a note) are entitled to a right redemption and a law day. The main case cited in support of this position, North End Bank Trust Co. v. Mandell, 113 Conn. 241 (1931), is, at best, ambiguous on the issue. In that case, the CT Page 3273 mortgagee having moved for a foreclosure of sale, the mortgagee's debt had to be reduced, in accordance with the predecessor to now 49-28, by one-half the difference between the appraised value and the selling price of the property. The court held that in computing a deficiency judgment against a guarantor, named as a party defendant, the same credit had to be given. id. at 246.
That case stands for the proposition that the personal liability of the guarantor of the note is affected by the mortgagee's claim for a foreclosure by sale. But it does not mean that the guarantor has a right of redemption.
There is a distinction between the rights and obligations under the mortgage and under the note secured by the mortgage. As the Supreme Court noted in Atlas Realty Corp. v. House, 120 Conn. 661, 670 (1936).
 A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this state action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit.
The right to redeem in a real property foreclosure is premised on an interest in the property. Sections 49-19 and49-20 provide that the right exists in the owner of the equity and in subsequent encumbrancers. Capital Light 
Supply Co. v. Fiut, 25 Conn. Sup. 516, 518 (1965). The order of redemption is determined by the order in which liens or property interests are recorded.
An obligor on or a guarantor of a note secured by a mortgage, who is not a mortgagor, has no interest in the property and is not an encumbrancer. When he is made a party in a foreclosure suit, his personal liability is dependent on the value of the property. He can submit appraisals to the court and seek to influence the manner of foreclosure, as it may affect his personal liability. But he has no interest in the property being foreclosed upon and accordingly, has no right of redemption.
The court, therefore, concludes the defendant co-maker CT Page 3274 and defendant endorsers are not entitled to law days and the last day of redemption in this case is January 19, 1993.
The final question is how, pursuant to 49-14(a), to calculate the thirty days "after the time limited for redemption has expired." The answer is provided in Maresca v. DeMatteo, 6 Conn. App. (1991).
In Maresca, the final law day for all defendants was April 30. Plaintiff brought its motion for deficiency judgment on June 1. The court quoted Society for Savings v. Chestnut Estates, Inc., 176 Conn. 563, 568 (1978), as follows:
 `[General Statutes 49-14] is solely a provision for appraisal and deficiency proceedings following foreclosure. The initial determination of strict foreclosure has already taken place, as it must before the statute comes into place.' (Emphasis in original.)
The Appellate Court determined the first day after the right of redemption had expired was May 1, which was also the day title vested in the plaintiff. It calculated the statutory period by counting the thirty days starting with the next day after May 1. On that basis, it concluded plaintiff's motion for deficiency judgment filed on June 1 was timely. It stated: "As General Statutes 49-14(a) would not be triggered until title became absolute in the plaintiff as of May 1, 1984, the motion [filed on June 1, 1984] was timely filed." (at 694)
Maresca is squarely on point. May has thirty-one days, as has January. The last day of redemption in Maresca was April 30, in this case on January 19; title vested in plaintiff in Maresca on May 1, in the plaintiff in this case on January 20; the motion for deficiency judgment was filed in Maresca on June 1 and in this case on February 19. The number of days after the time limited for redemption to the filing of the deficiency motion is exactly the same in each case. The motion being timely in Maresca, it must be here.
Accordingly, defendants' motions to strike/dismiss and their objection to plaintiff's motion for deficiency judgment are denied. CT Page 3275
Robert Satter State Trial Referee