[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is an amended motion for deficiency judgment, filed by the plaintiff, the city of Waterbury. The plaintiff filed the present action to foreclose water use liens against defendants, Daniel Coradazzi and Lois Coradazzi, for due and unpaid charges from 1993, 1994, and 1995. The plaintiff alleges that the unpaid charges amount to $1096, plus accruing lien fees, attorney's fees, and costs. On May 25, 1999, the plaintiff filed a motion for judgment of foreclosure by sale. On June 15, 1999, this court, granted the plaintiff's motion for judgment of foreclosure by sale. On June 15, 1999, the plaintiff filed an oath of the appraiser, indicating that the market value of the subject premises, as of May 18, 1999, was $15,000. On September 25, 1999, the committee of sale commenced an auction to sell the subject property, upon which the successful bidder, Joseph Saucier, entered into a bond for deed agreement for $4200. On March 3, 2000, this court ordered the approval of the property sale to Joseph Saucier. On May 16, 2000, the plaintiff filed an amended motion for deficiency judgment, pursuant to General Statutes § 7-239[1] and Practice Book § 23-19,[2] on the ground that there is a deficiency when applying the net value of the proceeds from the sale of the premises against the amount of the debt. The plaintiff argued that the total cost due from the defendant to the plaintiff was a CT Page 1197 total of $9183.65, including $3826.58 for the debt, $889.50 for the cost of the suit, $3405 for committee fees, and $1062.57 for the cost of the sale. On August 9, 2000, this court granted the motion and entered a deficiency judgment in the amount of $5208.58. On August 14, 2000, the defendant, Daniel Coradazzi, filed a motion to re-open the deficiency judgment in order to calculate the deficiency amount. The court denied the defendant's motion, but later vacated its denial and on September 18, 2000, the court granted the motion to re-open.
On October 20, 2000 during oral argument, the plaintiff first argued that § 49-28 does not apply to water liens or to tax liens, but only pertains to mortgages. General Statutes § 49-28 states in relevant part: "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause and has been served with process or has appeared therein, and all persons liable to pay the debt secured by the mortgage or lien may be made parties. . . . If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."
Clearly the language of § 49-28 explicitly includes liens as well as mortgages in deficiency actions, and there is no indication in the language that a set off against an unpaid portion of a debt only applies to mortgages and not liens. "[I]f the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of PublicUtility Control, 246 Conn. 18, 29, 716 A.2d 78 (1998). In addition, Connecticut case law states that § 49-28 applies to mortgages and liens. "With regard to [foreclosures by sale], the legislature has not distinguished between mortgagees and judicial lienholders. General Statutes 49-28 explicitly provides for a deficiency judgment in a foreclosure opted to foreclose on its lien through a foreclosure by sale, pursuant to subsection (b). Section 49-28 applies to cases where a party chooses to foreclose on a lien and the proceeds of the sale are not sufficient to pay off the lien. Because the present action involves an action to foreclose where the proceeds of the sale were not enough to pay off the lien, in addition to § 7-239, § 49-28 also applies to CT Page 1198 this foreclosure action.
Finally, the defendant argues that in applying § 49-28 the court should find that there is no deficiency in this case. Specifically, the defendant argues that because the sales proceeds were less than the appraised value, the court must apply a credit one half of the difference between the appraised value and the sales price to the current debt. The defendant argues that after applying this credit and the proceeds of the sale to the debt, there is no money owed.[3]
In determining whether the court should apply the § 49-28 credit to a debt, our Supreme Court has stated that this "burden sharing formula applies . . . only to those parties who moved for foreclosure by sale."Central Bank for Savings v. Heggelund, 23 Conn. App. 266, 269, 579 A.2d 598
(1990). "It is just as equitable that the party who asks and obtains an order of sale in place of a decree of strict foreclosure . . . if he seeks a deficiency judgment should bear part of the value sacrificed by the forced sale." (Internal quotation marks omitted.) Id.; see also NewEngland Savings Bank v. Lopez, 227 Conn. 270, 280 n. 12, 630 A.2d 1010
(1993).
In as much as the sales proceeds were less than the appraised value and the plaintiff is the party who motioned for a foreclosure by sale, pursuant to § 49-28, one-half of the difference between the appraised value and the selling price should be credited upon the defendant's debt as of the date of sale.
So ordered,
THOMAS G. WEST, J.