THE FIDELITY TRUST COMPANY *v.* BETTY IRICK ET AL.
(13190)

PETERS, C. J., HEALEY, SHEA, GLASS and COVELLO, Js.

Argued January 12—decision released March 8, 1988

*Robert A. Nagy,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (defendant state of Connecticut).

*James D'Alton Murphy,* with whom was *Frederick M. Tobin,* for the appellee (plaintiff).

GLASS, J. The sole issue in this appeal is whether the Appellate Court erred in finding no abuse of discretion in the trial court's decision to order a strict foreclosure rather than a foreclosure by sale of property owned by the named defendant, Betty Irick. The following facts are relevant to our consideration of this issue: On November 22, 1983, the named defendant, Betty Irick, executed a mortgage on property located in Norwalk to the plaintiff Fidelity Trust Company (bank). The mortgage was security for a loan made to Irick in the amount of $60,000. In consideration for public assistance grants, Irick gave a second mortgage to the Connecticut department of income maintenance (state). In addition to these encumbrances, the bank had a junior lien because of an attachment on the property arising out of an independent debt due to the bank from Irick.

Irick defaulted in payment of her mortgage loan from the bank. On January 25, 1985, the bank instituted foreclosure proceedings against Irick, the state

as second mortgagee, and itself as third encumbrancer by virtue of an attachment against the property. Irick was defaulted for failure to appear and all the defendants were defaulted for failure to disclose a defense. The bank then moved for judgment, but did not specify whether it sought strict foreclosure or foreclosure by sale. The state moved for foreclosure by sale.

At the hearing on October 15, 1985, the bank's appraiser testified that the value of the property was $96,750.[1] The court found the bank's debt to be $71,996.70, allowed attorney's fees of $1662.50 and allowed other costs of $944.60, for a total of $74,603.80. The total of estimated accrued municipal real estate taxes was $5000, increasing the total of the obligation having priority over the state's second mortgage to $79,603.80. The court denied the state's motion for foreclosure by sale and granted the bank's motion for judgment. The court then rendered a judgment of strict foreclosure. Thereafter, the state moved to open the judgment, again seeking a foreclosure by sale. This motion was denied. The state appealed to the Appellate Court, claiming that the trial court had abused its discretion in denying its motion for foreclosure by sale. The Appellate Court upheld the trial court's decision. We granted certification to review the judgment of the Appellate Court. We reverse and remand for further proceedings.

Initially, we note the limited scope of our review of the issue on appeal. In a similar situation, we stated

---

[1] The state does not challenge the reasonableness of the appraiser's valuation of the property at $96,750. In fact the property has been sold for $100,000. The parties to this appeal agreed that a sale was in the best interests of all concerned. After the Appellate Court denied the motion for permission to sell the property, the trial court granted the motion, allowing the property to be sold free and clear of all encumbrances with the proceeds to be used to pay the first mortgage debt, costs and accrued municipal real estate taxes. The balance of the proceeds are being held in escrow pending the resolution of this appeal.

that " '[i]n this appeal the focus of our review is not the judgment of the Superior Court but of the Appellate Court. We do not hear the appeal de novo. The only questions we need consider are those squarely raised by the petition for certification and the appellee's preliminary statement of issues, and we will ordinarily consider these issues in the form in which they have been framed in the Appellate Court. See Practice Book §§ 3012 (a), 3154; *State* v. *Beckenbach*, 198 Conn. 43, 47, 501 A.2d 752 (1985); *State* v. *Torrence*, 196 Conn. 430, 433, 493 A.2d 865 (1985).' *Petrowski* v. *Norwich Free Academy*, 199 Conn. 231, 234, 506 A.2d 139 (1986)." *Shelby Mutual Ins. Co.* v. *Della Ghelfa*, 200 Conn. 630, 634, 513 A.2d 52 (1986).

The state claims that the Appellate Court erred in upholding the judgment of strict foreclosure rendered by the trial court, and challenges the method of computation used by the trial court to determine whether to grant strict foreclosure or foreclosure by sale. The trial court added the indebtedness due the bank as first mortgagee to allowed fees, costs and estimated taxes, for a total of $79,603.80. Next, it added the second mortgage debt of the state in the amount of $24,976.42, and $12,000 due the bank on account of its attachment, making a total of $116,580.22. *Fidelity Trust Co.* v. *Irick*, 11 Conn. App. 53, 55, 525 A.2d 551 (1987). Because the total of all liens, taxes, costs and fees, plus the estimated expenses of a forclosure by sale of $7000, amounted to $123,580.22,[2] and the appraiser valued the property at $96,750, the trial court concluded, in the

[2] The Appellate Court used the figure of $116,600 for all liens, taxes, allowed attorney's fees and allowed costs, plus estimated expenses for a foreclosure by sale of $7000, which would make a total of $123,600. See *Fidelity Trust Co.* v. *Irick*, 11 Conn. App. 53, 54–55, 525 A.2d 551 (1987). The plaintiff's brief used the following figures:

"(a) City of Norwalk, unpaid taxes, approximate     $5,000.00
"(b) Plaintiff's first mortgage with costs and fees     74,603.80

exercise of its discretion, and the Appellate Court agreed, that strict foreclosure was proper in this case. We disagree.

In a foreclosure proceeding the authority of the trial court to order either a strict foreclosure or a foreclosure by sale is clear. General Statutes § 49-24 provides: "All liens and mortgages affecting real property may, on the written motion of any party to any suit relating thereto, be foreclosed by a decree of sale instead of a strict foreclosure at the discretion of the court before which the foreclosure proceedings are pending." In interpreting this statute, we have stated that "[i]n Connecticut, the law is well settled that whether a mortgage is to be foreclosed by sale or by strict foreclosure is a matter within the sound discretion of the trial court. General Statutes § 49-24; *City Savings Bank* v. *Lawler*, 163 Conn. 149, 155, 302 A.2d 252 (1972); *Hartford Federal Savings & Loan Assn.* v. *Lenczyk*, 153 Conn. 457, 463, 217 A.2d 694 (1966). 'The foreclosure of a mortgage by sale is not a matter of right, but rests in the discretion of the court before which the foreclosure proceedings are pending.' *Bradford Realty Corporation* v. *Beetz*, 108 Conn. 26, 31, 142 A. 395 (1928)." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 184, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985).

The amount due the bank, plus allowable fees, costs and taxes is $79,600 and the appraised value of the property is $96,750, for a difference of $17,150. Given the estimate of $7000 of expenses for conducting the foreclosure by sale, there would be a remainder of approximately $10,000 available for distribution to the

| | |
|---|---|
| "(c) Mortgage due to Defendant, State of Connecticut | 24,976.42 |
| "(d) Attachment of The Fidelity Trust Company as Defendant | 12,000.00 |
| "Total | $116,580.[22]" |
| Plaintiff's estimated foreclosure by sale expenses | 7,000.00 |
| Plaintiff's total | $123,580.22 |

subsequent encumbrancer. Payment of $10,000 on the $25,000 debt to the second mortgagee would amount to a payment of 40 percent of the mortgagor's indebtedness. Under the order of strict foreclosure the bank as foreclosing mortgagee may receive property the value of which exceeds by $17,150 the amount of its mortgage debt and expenses. The state, notwithstanding its status as second mortgagee, is excluded from the payment of its mortgage debt even though there is substantial equity in excess of the first mortgagee's debt. In another context, we have stated that "a mortgagee is only entitled to the payment of the debt owing him, including such incidental charges as he may add to it . . . ." *Lomas & Nettleton Co.* v. *DiFrancesco,* 116 Conn. 253, 258, 164 A. 495 (1933).

We recognize that the state, as a junior lienholder under strict foreclosure, may protect its interest because of its right to redeem the property. The state argues that the legislature has not allocated to it the finances necessary to redeem under the circumstances presented by this case. The bank argues to the contrary that notwithstanding the state's lack of financial resources for redeeming the property, the court is precluded from according the state any preferential treatment under General Statutes § 49-31.[3] We find it unnecessary to consider these arguments. The state's lack of financial resources to redeem the property does not affect the fact that a substantial equity in the property exists in excess of the first mortgagee's loan. The substantial excess equity is controlling, not the finan-

---

[3] "[General Statutes] Sec. 49-31. ACTIONS AGAINST THE STATE. In any action to foreclose a mortgage or lien on any land in which the state, or any officer or agent thereof, claims to have an interest subordinate to that of the party seeking the foreclosure, the state, or such officer or agent, as the case may be, may be made a party defendant, and such interest may be foreclosed in the same manner and with the same effect as if such interest were held by an individual, except that no judgment may be rendered against the state or any officer or agent for money or costs of suit."

cial circumstances of the subsequent encumbrancer. Whether the subsequent encumbrancer is another lienholder, the state or the owner, is of no material significance.

A foreclosure by sale may result in bids not only less than the appraised value of the property, but even less than the foreclosing mortgagee's loan, allowable expenses and taxes. Because the trial court has control of the foreclosure proceedings, it can, in the exercise of its discretion, accept or reject a proposed sale. "[A] court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. . . . In this control over the foreclosure sale under its decree, the court could consider and determine the value of the property sold to the mortgagee and what the mortgagee would thus realize upon the mortgage debt if the sale were confirmed." (Citations omitted.) *Honeyman* v. *Jacobs,* 306 U.S. 539, 543, 59 S. Ct. 702, 83 L. Ed. 972 (1938).

In a foreclosure proceeding the trial court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owner. The state as second mortgagee invoked the statutory discretionary power of the trial court when it filed a motion for foreclosure by sale as authorized by General Statutes § 49-24. We have stated: "The remedy of the second mortgagee in such a case as this, if he cannot or does not wish to redeem, is by application for an order of sale under the statutes; General Statutes, § 5112, et seq.; and we have suggested that one purpose of this statutory remedy was to meet just such a situation as is here present. *Staples* v. *Hendrick,* [89 Conn. 100, 93 A. 5 (1915)]. It is true that the grant of such an application rests in the sound discretion of the court;

*Bradford Realty Corporation* v. *Beetz,* [supra, 31]; but if there is need of a sale to protect the just rights of the parties, we have little fear that the court will not order it." *New Haven Bank* v. *Jackson,* 119 Conn. 451, 455, 177 A. 387 (1935). The trial court abused its discretion in denying the state's motion, and the Appellate Court erred in upholding the judgment of the trial court.

There is error, the judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.