[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR APPROVAL OF SALE
By a complaint dated March 11, 1991, the plaintiff, Connecticut National Bank, initiated a strict foreclosure action against the defendants, Tanby Developers, Sandi Copeland, Administratrix of the Estate of Fred E. Copeland, Sr., and Fred E. Copeland, Jr. The action was brought in the Superior Court for the Judicial District of Windham at Putnam.
The plaintiff alleged that on October 7, 1987, the defendants, Fred E. Copeland, Sr., Fred E. Copeland, Jr. and Tanby Developers owed the plaintiff the sum of $130,500.00, evidenced by a promissory note ("note"). The plaintiff alleged that on October 7, 1987, the defendants, in order to secure the note, mortgaged to the plaintiff a certain parcel ("parcel") of land situated in the Town of Plainfield, County of Windham and State of Connecticut known as Sterling Road The plaintiff alleged that the mortgage was conditioned for the payment of the note and is recorded in the Town of Plainfield Land Records in Volume 175, Page. 213.
The plaintiff alleged in its March 11, 1991, complaint that the note was in default in excess of thirty days. The plaintiff further alleged that Tanby Developers was in possession of the mortgaged parcel of land.
By a stipulation dated April 30, 1991, the parties agreed to transfer the action to the Judicial District of Middlesex at Middletown. On October 7, 1991, the court, O'Connell, J., ordered a foreclosure of the parcel by sale. The court ordered a committee to conduct the sale, John Maxwell, and also appointed an appraiser, Charles M. Burr, CT Page 7-B pursuant to General Statutes Sec. 49-25. By an appraisal dated January 16, 1992, the parcel was found to have a fair market value of $194,500.00.
The court, Higgins, J., by an order dated January 27, 1992, granted a motion to extend the sale date from February 1, 1992 to April 25, 1992. The sale date was extended again by the court, O'Connell, J., to June 27, 1992, by an order dated March 6, 1992. By a third order of the court, O'Connell, J., the sale date was again extended to September 19, 1992.
On September 19, 1992, the committee, the plaintiff bank and the attorney for the defendant were present at the auction site. It was determined that auction signs were not changed to reflect the new sale date and it was also determined that the signs were obscured by foliage. Nevertheless, the plaintiff bank did purchase the parcel for a sum of $58,000.00.
However, upon the Committee's Motion for Advice to the court, a new sale date of November 14, 1992, was ordered by the court on October 13, 1992. A second appraisal, dated October 28, 1992, found the fair market value of the parcel to be $143,700.00. On November 14, 1992, again the only bidder on the property was the plaintiff bank, which bid in the amount of $58,000.00.
The plaintiff bank filed a motion for approval of the sale dated December 16, 1992. In addition, a committee report dated December 16, 1992, was filed seeking a committee fee of $7,500.00 expenses of $4,796.89 and an appraiser fee of $600.00. The defendant, Sandi Copeland, filed an objection to the motion for the approval of the sale dated December 31, 1992.
The defendant, Sandi Copeland, Administratrix of the Estate of Fred E. Copeland, objects to the approval of the sale on the ground that the plaintiff's bid on the parcel is unconscionable and inequitable. The defendant argues that the plaintiff's bid of $58,000.00 represents only 41% of the October 28, 1992, appraised value of $143,700.00. The defendant argues that an approval of the sale for $58,000.00 would not only allow the plaintiff bank to obtain the subject property but would additionally allow the plaintiff bank to raise the CT Page 7-C amount of the deficiency it might be able to recover from the Estate or other defendants in the matter. The defendant argues that the court has the equitable power to disapprove the sale and instead order a strict foreclosure.
"Because a trial court has control of the foreclosure proceedings, it can, in the exercise of its discretion, accept or reject a proposed sale." Danbury Savings Loan Assn., Inc. v. Hovi, 20 Conn. App. 638, 642,569 A.2d 1143 (1990), citing Fidelity Trust Co. v. Irick, 206 Conn. 484,490, 538 A.2d 1027 (1988). "[A] court of equity in a foreclosure suit would have full authority to fix the terms and time of the foreclosure sale and to refuse to confirm sales upon equitable grounds where they were found to be unfair or the price bid was inadequate. . ." Id., quoting Fidelity, supra, 490. The court has the equitable power, upon a motion for a approval of the sale, to disapprove the sale and instead order a strict foreclosure. Central Bank for Savings v. Heggelund, 23 Conn. App. 266, 270, 579 A.2d 598
(1990), Cert. grtd, 217 Conn. 804 (1991).
The court denies the plaintiff's motion for approval of the sale on equitable grounds and instead order a strict foreclosure. The appraised fair market value of the parcel on October 28, 1992, was $143,700.00. The plaintiff, Connecticut National Bank, was the only bidder, and bid in the amount of $58,000.00 on November 14, 1992. Less than a month prior to the auction the parcel was appraised at a fair market value of $143,700.00 and yet the plaintiff seeks approval of a sale for an amount $85,700.00 less than the appraised fair market value. The court finds it unfair to allow the plaintiff to acquire the parcel for a seemingly nominal amount only to potentially raise the amount of deficiency it might be able to recover from the Estate of Fred E. Copeland, Sr. and the other defendants. Therefore, the plaintiff's motion for approval of the sale is denied.
It is further ordered that no further sales take place, that the judgment be reopened and that an order for a strict foreclosure be entered. The court approves the committee fees requested in the committee report dated December 16, 1992, for the amount of $7,500.00 for committee fees, $4,796.89 for expenses and $600.00 for appraisal costs.
The court sets the law day of February 22, 1993 and CT Page 7-D subsequent days for Junior subsequent encumbrances in inverse order of priority.
In the event the plaintiff desires to move for a deficiency judgment than at that time all parties will have the opportunity to offer evidence as to the fair market value at the date of transfer of title.
JOHN WALSH, J.