TOWN OF HAMDEN ET AL. *v.* CHARLES
FLANAGAN ET AL.
(SC 15591)

Callahan, C. J., and Norcott, Katz, Palmer and McDonald, Js.

Argued November 4, 1997—officially released February 3, 1998

*Gordon R. Raynor,* for the appellants (defendant Warren E. Blake et al.).

*Barbara G. Lifton,* for the appellees (plaintiffs).

*John J. Graubard,* with whom, on the brief, was *E. Whitney Drake,* pro hac vice, for the appellee (Federal Deposit Insurance Corporation as receiver for the defendant Founders Bank).

*Opinion*

PER CURIAM. After examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.[1]

The appeal is dismissed.

MCDONALD, J., dissenting. I do not agree that certification was improvidently granted.

The defendants Austin W. Blake and Warren E. Blake,[1] the previous owners of land in Hamden, sold it to Charles Flanagan and took back a $75,000 first mortgage. Flanagan, however, defaulted on payments of that mortgage, did not pay the property taxes to the town and defaulted on a second mortgage that he had given to the defendant Founders Bank. The assets of Founders Bank were later taken over by the Federal Deposit Insurance Corporation (FDIC). When the town

---

[1] We granted the petition for certification to appeal from the judgment of the Appellate Court; *Hamden v. Flanagan,* 43 Conn. App. 904, 683 A.2d 31 (1997); filed by the defendant Warren E. Blake et al. limited to the following issue: "Did the trial court abuse its discretion and equitable powers by approving the committee sale in this foreclosure action of thirty-nine acres of property for the sum of $50,000, the value of which was appraised at $280,000?" *Hamden v. Flanagan,* 239 Conn. 959, 688 A.2d 329 (1997).

[1] Austin W. Blake died following the foreclosure sale at issue in this case. Phyllis M. Blake, his wife and executrix of his estate, was substituted as a defendant. Hereinafter we will refer to Warren Blake and Phyllis Blake as the Blakes.

brought the underlying action to foreclose its tax lien on the property of approximately $40,000, the Blakes were owed $75,000 and Founders Bank over $250,000. The court ordered a sale of the property upon learning that the property was appraised at $280,000. At the sale, the FDIC was the successful bidder for a sum of $50,000. Prior to the foreclosure sale, the state of Connecticut had offered $215,000 for the property, but the FDIC refused to join in that sale. The Blakes sought to have the foreclosure sale set aside, and when the trial court refused, they were left with nothing. The Appellate Court upheld the judgment of the trial court; *Hamden* v. *Flanagan*, 43 Conn. App. 904, 683 A.2d 32 (1996); and we granted the petition for certification.[2]

Here, we uphold a decision inequitable to the Blakes and, in effect, are rewarding the FDIC. Foreclosure proceedings are in equity, and the court must exercise its discretion with fairness to both the party foreclosing and the subsequent encumbrancers. See *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 490, 538 A.2d 1027 (1988). I believe we should reverse the judgment of the Appellate Court and direct that the foreclosure sale be set aside.

---

[2] We granted the Blakes' petition for certification to appeal limited to the following issue: "Did the trial court abuse its discretion and equitable powers by approving the committee sale in this foreclosure action of thirty-nine acres of property for the sum of $50,000, the value of which was appraised at $280,000?" *Hamden* v. *Flanagan*, 239 Conn. 959, 688 A.2d 329 (1997).