# DEBORAH BRANN *v.* ALAN SAVIDES
## (AC 16756)

Schaller, Dupont and Daly, Js.

Argued November 6, 1997—officially released June 2, 1998

*Andrew S. White*, for the appellant (defendant).

*Seymour A. Rothenberg*, with whom, on the brief, were *Amie C. Burtman* and *Stuart G. Rothenberg*, for the appellee (plaintiff).

*Opinion*

DALY, J. The defendant appeals from the judgment of strict foreclosure of a judgment lien in favor of the plaintiff. The defendant claims that the trial court improperly (1) entered the judgment of strict foreclosure in favor of the plaintiff when her interest had been assigned to the state by operation of law, (2) entered a modified judgment of strict foreclosure, (3) failed to order a foreclosure by sale, (4) entered an order to open the judgment and set new law days on the basis of a motion to open that was filed under a family relations docket number involving the same parties and that appeared on the family docket instead of the civil foreclosure docket, (5) entered the order to open the judgment and set new law days based on a stale military affidavit, and (6) entered the order to open the judgment and set new law days based on a military affidavit executed by the plaintiff, not an indifferent person.

The following procedural history is undisputed. Following a paternity suit, the plaintiff obtained an award of child support in the amount of $179,775.36 on February 23, 1994. Thereafter, on March 16, 1994, a judgment lien reflecting that judgment was recorded in the office of the Somers town clerk against real estate of the defendant located on Long Hill Drive, the value of which was appraised at $410,000.

The plaintiff commenced an action by writ returnable to the Superior Court on August 2, 1994, seeking foreclosure of the judgment lien. On August 8, 1994, the plaintiff

filed a motion for default for failure to appear against the defendant. On August 26, 1994, pursuant to Practice Book § 352, now Practice Book (1998 Rev.) § 17-20, the trial court clerk entered a default against the defendant for failure to appear. On May 10, 1995, the plaintiff filed a motion for a judgment of strict foreclosure, and on May 22, 1995, the trial court granted that motion and set law days.

On June 8, 1995, the defendant's attorney filed an appearance, and on June 9, 1995, the defendant filed a motion to open the judgment, arguing that the foreclosure should have been by sale rather than by strict foreclosure. On June 12, 1995, the trial court granted the defendant's motion to open, rendered a modified judgment of strict foreclosure and set new law days.

On September 11, 1995, the day before the expiration of the time limited for redemption in the June judgment of strict foreclosure, the defendant filed a petition in bankruptcy, which stayed the judgment of strict foreclosure. On November 20, 1996, the United States Bankruptcy Court dismissed the defendant's bankruptcy petition in its entirety.

On November 22, 1996, the plaintiff moved to open the foreclosure judgment and set new law days. On December 9, 1996, a new attorney for the defendant filed an appearance. On December 16, 1996, the trial court granted the plaintiff's motion to open, rendered a modified judgment of strict foreclosure and set new law days. On December 27, 1996, the defendant filed the present appeal from the judgment of strict foreclosure.

The defendant's first claim challenges the plaintiff's standing on appeal on the ground that she had assigned to the commissioner of social services her right of support from the defendant upon her acceptance of aid for families with dependent children. See General Statutes § 17b-77. We need not consider this claim because there

is no evidence that the plaintiff owes the commissioner the entire amount of support payments that the defendant owes the plaintiff. Some of that amount might be due the plaintiff. We conclude that the plaintiff has standing to pursue this claim.

The defendant's second claim is that the trial court improperly rendered the modified judgment on December 16, 1996. The defendant argues that the filing of his attorney's appearance on December 9, 1996, followed by the opening of the judgment on December 16, 1996, triggered the following provision in Practice Book § 352 (c): "If the defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by the clerk. . . ." That rule of practice is inapplicable here, however, because the appearance was not filed prior to the judgment after default. The judgment after default was entered on May 22, 1995, and no appearance for the defendant was filed prior to the entry of that judgment. That original judgment was modified twice after its entry, the second modification being that which the defendant now challenges.[1] The portion of Practice Book § 352 on which the defendant bases his second claim is not invoked unless the appearance is filed "prior to the entry of judgment after default." No appearance was filed prior to the entry of the judgment after default. Therefore, the defendant's second claim is unavailing.

The defendant's third claim is that a foreclosure by sale should have been ordered. General Statutes § 49-24 provides: "All liens and mortgages affecting real property may, on the written motion of any party to any suit relating thereto, be foreclosed by a decree of

---

[1] The trial court ruled on December 16, 1996, that "[a]ll other prior orders not in conflict with this order shall remain in full force and effect." Thus, the only change to the May 22, 1995 judgment of strict foreclosure effectuated by the December 16, 1996 order was to set the law day for February 4, 1997.

sale instead of a strict foreclosure at the discretion of the court before which the foreclosure proceedings are pending." "Because [General Statutes § 49-15] vests discretion in the trial court to grant or to deny a motion to open [a judgment of strict foreclosure], the action of the trial court will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." *Society for Savings* v. *Stramaglia*, 225 Conn. 105, 110, 621 A.2d 1317 (1993).

"[C]ritical to the determination of whether the trial court has abused its discretion in rendering judgment of foreclosure by sale rather than strict foreclosure is whether there is substantial equity in the subject property, and whether the sale would generate enough cash to satisfy the junior creditors." *Lafayette Bank & Trust Co.* v. *Szentkuti*, 27 Conn. App. 15, 18, 603 A.2d 1215, cert. denied, 222 Conn. 901, 606 A.2d 1327 (1992). "[I]f there is need of a sale to protect the just rights of the parties, we have little fear that the court will not order it." (Internal quotation marks omitted.) *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 491, 538 A.2d 1027 (1988). "In a foreclosure proceeding the trial court must exercise its discretion and equitable powers with fairness not only to the foreclosing mortgagee, but also to subsequent encumbrancers and the owner." Id., 490. "Whether the subsequent encumbrancer is another lienholder, the state or the owner, is of no material significance." Id. "[A] mortgagee is only entitled to the payment of the debt owing him, including such incidental charges as he may add to it . . . ." (Internal quotation marks omitted.) Id., 489.

On May 22, 1995, the court found the total debt to be $203,585.61, and the fair market value of the property to be $410,000. Thus, the record reflects a possible windfall of more than $200,000 for the plaintiff. "Since a mortgage foreclosure is an equitable proceeding, either a forfeiture or a windfall should be avoided if

possible." *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 354, 579 A.2d 1054 (1990); see *Fidelity Trust Co.* v. *Irick*, supra, 206 Conn. 484 (reversing judgment of strict foreclosure where foreclosing mortgagee would receive property, value of which exceeded by $17,150 amount of mortgage debt and expenses). "It has been held . . . that when the value of the property substantially exceeds the value of the lien being foreclosed, the trial court abuses its discretion when it refuses to order a foreclosure by sale." *Voluntown* v. *Rytman*, 27 Conn. App. 549, 555, 607 A.2d 896, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992). We conclude, on the basis of on the facts existing at the time of judgment, that a judgment of foreclosure by sale should have been ordered.

The remaining issues need not be addressed in view of our determination that the judgment of strict foreclosure should be reversed and because the defendant's appearances on June 8, 1995, and again on December 9, 1996, obviate the necessity for any military affidavit.

The judgment is reversed and the case is remanded for further proceedings to determine the present fair market value of the property and whether a judgment of strict foreclosure or foreclosure by sale should be rendered.

In this opinion the other judges concurred.