******************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

US BANK NATIONAL ASSOCIATION, TRUSTEE *v.*
BONNIE L. CHRISTOPHERSEN ET AL.
(AC 38914)

DiPentima, C. J., and Kahn and Sullivan, Js.

*Syllabus*

The plaintiff bank, as trustee, sought to foreclose a mortgage on certain real
property owned by the defendant C. In accordance with an agreement
between the parties in which C agreed to a judgment of strict foreclosure
in exchange for an eight month law day, the court rendered a judgment
of strict foreclosure and set a law day. Thereafter, the law day was
automatically stayed when C filed a bankruptcy petition. Approximately
four months later, the bankruptcy court lifted the stay, and the plaintiff
filed a motion to open and modify the judgment. In its motion, the
plaintiff requested that the court make a new finding of debt, award
the plaintiff additional costs and attorney's fees, set a new law day and
enter either a judgment of strict foreclosure or a judgment of foreclosure
by sale, whichever it deemed more appropriate. C subsequently filed
four successive motions for a continuance of the hearing on the plaintiff's
motion to open and modify the judgment, the last of which the court
denied. During the hearing on the plaintiff's motion, C requested that
the court order a judgment of foreclosure by sale and advised the court
that she would be filing such a motion, which she did that day following
the hearing. In ruling on the plaintiff's motion, the trial court opened
the judgment and, relying on the plaintiff's affidavit of debt, rendered
a modified judgment of strict foreclosure with new findings as to addi-
tional debt and a revised fair market value of the subject property. The
court also set a new law day. In reaching its decision, the court found
that approximately $63,000 of equity existed in the property but deter-
mined that it was barred from ordering a judgment of foreclosure by
sale pursuant to the relevant statute (§ 49-15 [b]), which provides that,
following the filing of a bankruptcy petition, a foreclosure judgment is
automatically opened but only with respect to the law day. On C's appeal
to this court, *held*:

1. The plaintiff had standing to commence the foreclosure action; the plaintiff
   presented evidence, including various documents and an affidavit related
   to the assignment of the subject note, that indicated that the note was
   endorsed in blank and delivered to the plaintiff prior to the commence-
   ment of the action, which constituted prima facie evidence that the
   plaintiff was the holder of the note and entitled to enforce it at the time
   the action was commenced, and C offered no evidence to rebut the
   presumption of the plaintiff's ownership of the underlying debt.

2. C could not prevail on her claim that the trial court denied her right to
   due process and abused its discretion by relying on the plaintiff's affidavit
   of debt in rendering its modified judgment without considering her
   written objections, challenges and offers of evidence; the court granted
   C three separate continuances, which provided her with ample time to
   prepare for the hearing on the plaintiff's motion to open and modify
   the judgment, and gave C a full opportunity to be heard at that hearing,
   but C failed to present any evidence that questioned the amount stated
   in the plaintiff's affidavit of debt, and there was no evidence in the record
   to establish that the court failed to consider C's concerns regarding the
   amount of debt when it rendered its modified judgment.

3. The trial court did not abuse its discretion in denying C's fourth motion
   for a continuance to allow her more time to complete discovery; in
   denying the motion, the court observed that it already had decided the
   issues on which C sought discovery and had granted her first three
   motions for a continuance, even though the case had been pending for
   more than four years, and, therefore, the court properly considered the
   age of the case, the accommodations it already had made for C and the
   basis on which she sought the continuance.

4. The trial court erred in failing to rule on C's request for a judgment of
   foreclosure by sale, that court having improperly concluded that it lacked
   statutory authority to modify the judgment of strict foreclosure: although

the court correctly determined that § 49-15 (b) did not grant it authority to modify the judgment, it incorrectly determined that no statutory authority existed to permit it to do so, and because the plaintiff had filed a motion to open and modify the judgment, which requested the court to render either a judgment of strict foreclosure or foreclosure by sale, § 49-15 (a) (1) conferred authority on the court to modify the judgment, and the court's failure to entertain the request for a judgment of foreclosure by sale constituted error; accordingly, because the trial court failed to take action on C's motion for a judgment of foreclosure by sale, the case was remanded to the trial court with direction to rule on C's motion.

Argued September 20, 2017—officially released January 30, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the named defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant Wells Fargo Bank, N.A., was defaulted for failure to appear and the defendant Southern Connecticut Gas Company et al. were defaulted for failure to plead; thereafter, the court, *Mintz, J.*, denied the named defendant's motion to dismiss; subsequently, the court, *Mintz, J.*, granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon; thereafter, the court, *Hon. David R. Tobin*, judge trial referee, denied the named defendant's motion for a continuance, granted the plaintiff's motion to open and modify the judgment and rendered a modified judgment of strict foreclosure, from which the named defendant appealed to this court. *Reversed in part; further proceedings.*

*Bonnie L. Christophersen*, self-represented, the appellant (named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

KAHN, J. The defendant Bonnie L. Christophersen[1] appeals from the judgment of strict foreclosure, rendered in favor of the plaintiff, US Bank National Association, as Trustee of Maiden Lane Asset-Backed Securities I Trust 2008-1. On appeal, the defendant claims that (1) the plaintiff lacked standing to bring the foreclosure action, (2) the court improperly failed to consider the defendant's concerns regarding the amount of debt, (3) the court abused its discretion in denying her motion for a continuance, and (4) the court abused its discretion in ordering a judgment of strict foreclosure rather than a foreclosure by sale. We affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On July, 11 2003, the defendant secured a promissory note in the amount of $460,000 by a mortgage on premises known as 2 Woodcock Lane in Westport. As of September, 2008, the defendant had failed to pay the installments of principal and interest. In May, 2011, the plaintiff commenced this action, seeking to foreclose the mortgage on the defendant's property.[2] The plaintiff subsequently filed a motion for a judgment of strict foreclosure, to which the defendant objected.[3] On February 21, 2014, the defendant, who then was represented by counsel,[4] filed an answer and special defenses. The parties later negotiated an agreement that the defendant would accept a judgment of strict foreclosure in exchange for an eight month law day. On April 14, 2014, the defendant informed the court of that agreement and withdrew both her answer and her objection to the plaintiff's motion for a judgment of strict foreclosure. The court accepted the agreement and, accordingly, granted the plaintiff's motion for a judgment of strict foreclosure, setting a law day of January 6, 2015. On December 24, 2014, the defendant filed a motion to open the judgment and extend the law day. The court denied the motion to open but sua sponte set a new law day of March 31, 2015. Just prior to the expiration of the new law day, on March 27, 2015, the defendant filed a bankruptcy petition, which resulted in an automatic stay of the foreclosure proceeding. On August 7, 2015, however, acting on a motion filed by the plaintiff, the bankruptcy court lifted the automatic stay.

Following the termination of the bankruptcy stay, the plaintiff, on October 1, 2015, filed a motion to open and modify the judgment of strict foreclosure. In its motion, the plaintiff requested that the court make a new finding of debt, award the plaintiff additional costs and attorney's fees, and set a new law day. The defendant filed four successive motions for a continuance of the hearing on the plaintiff's motion to open and modify the judgment. The court, *Povodator*, *J.*, granted the plaintiff's first three motions for a continuance, and the

court, *Hon. David R. Tobin*, judge trial referee, denied the fourth motion for a continuance. On January 19, 2016, following a hearing, Judge Tobin granted the plaintiff's motion to open and rendered a modified judgment of strict foreclosure with the law days to commence on March 1, 2016. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant first claims that the plaintiff lacked standing to bring the foreclosure action. We disagree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 125–26, 74 A.3d 1225 (2013).

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, *at the time the action is commenced*, be entitled to enforce the promissory note that is secured by the property. . . . Whether a party is entitled to enforce a promissory note is determined by the provisions of the Uniform Commercial Code, as codified in General Statutes § 42a-1-101 et seq. . . . Under [the Uniform Commercial Code], only a holder of an instrument or someone who has the rights of a holder is entitled to enforce the instrument. . . .

"The plaintiff's possession of a note endorsed in blank is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. . . . After the plaintiff has presented this prima facie evidence, the burden is on the defendant to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt . . . . The defendant [must] . . . prove the facts which limit or change the plaintiff's rights." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bliss*, 159 Conn. App. 483, 488–89, 124 A.3d 890, cert. denied, 320 Conn. 903, 127 A.3d 186 (2015), cert. denied,     U.S.     , 136 S. Ct. 2466, 195 L. Ed. 2d 801 (2016).

The trial court had before it evidence that, as of the time of the commencement of the foreclosure action in May, 2011, the plaintiff was the holder of the note endorsed in blank by virtue of an assignment. In a

motion to substitute filed on January 16, 2013, the plaintiff attached documents detailing a chain of assignments, including: (1) an assignment of the mortgage deed, executed by the defendant, from Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., to EMC Mortgage Corporation on January 18, 2007; (2) an assignment of the mortgage from EMC Mortgage Corporation to the plaintiff on December 12, 2008; (3) an assignment of the mortgage deed from the plaintiff to Kondaur Capital Corporation in December, 2011; and (4) an assignment of the mortgage deed from Kondaur Capital Corporation back to the plaintiff on September 12, 2012.[5] At a hearing on August 20, 2012, the plaintiff submitted an affidavit of an employee of Nationstar Mortgage, LLC, the mortgage loan servicer from July, 2010 to October, 2011, which stated that the promissory note reflected that on July 11, 2003, the defendant owed Wells Fargo Home Mortgage, Inc., $460,000. The note was endorsed in blank and delivered to the plaintiff on or before July 7, 2010. The assignment of the note to the plaintiff and the plaintiff's possession of it at the commencement of the foreclosure action was prima facie evidence that the plaintiff was the holder of the note at the relevant time and thus was entitled to enforce the note.

The defendant offered no evidence to rebut this presumption of ownership of the underlying debt. See *HSBC Bank USA, N.A.* v. *Navin*, 129 Conn. App. 707, 711–12, 22 A.3d 647, cert. denied, 302 Conn. 948, 31 A.3d 384 (2011) (plaintiff had standing to commence foreclosure action where defendant offered no evidence contesting plaintiff's affidavit asserting that note endorsed in blank was delivered to plaintiff prior to commencement of action). The plaintiff, as assignee of the mortgage, was entitled to bring the action in its own name. "General Statutes § 52-118 . . . provides in relevant part that [an] assignee . . . may sue . . . in his own name. . . . The legislature's use of the word may in the statute indicates that an assignee merely has the option to sue in [its] name. Conversely . . . an assignee also has the option to maintain [an] action in the name of his assignor." (Internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 184, 738 A.2d 715 (1999). We conclude, therefore, that the plaintiff had standing to commence the foreclosure action.

II

The defendant next claims that the court denied her right to due process and abused its discretion when it relied on the plaintiff's affidavit of debt in rendering its modified judgment of strict foreclosure without considering her oral and written objections, challenges, and offers of evidence. We disagree and, accordingly, conclude that the defendant's due process rights were not denied and the court did not abuse its discretion when

it relied on the plaintiff's affidavit of debt.

The defendant cannot prevail on her due process claim. "[T]here is no violation of due process when a party in interest is given the opportunity at a meaningful time for a court hearing to litigate the question [at issue]." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 176–77, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). The defendant had notice and ample time to prepare for the hearing. After the automatic stay was lifted, the defendant filed three motions for a continuance—on November 25 and December 10, 2015, and January 6, 2016—all of which the court granted. After granting the three separate continuances, the court gave the defendant a full opportunity to be heard at the January 19, 2016 hearing where she raised numerous concerns and objections.

We are also mindful of the principle that "[w]ithout some evidence to the contrary, we will not presume that the trial court improperly applied the law." *Farrell* v. *Farrell*, 36 Conn. App. 305, 313, 650 A.2d 608 (1994). Tellingly, the defendant failed to present *any* evidence at the hearing on her motion—notwithstanding the passage of five months following the lift of the automatic stay—that called into question the amount stated in the plaintiff's affidavit of debt, and the court expressly gave her an opportunity to do so. That is, during the hearing, the court asked the defendant, "Do you have a calculation of what you believe the debt to be?" The defendant responded that she was not prepared to answer that question. Finally, our review confirms that there is no evidence in the record, and the defendant directs us to none, to establish that the court failed to consider the defendant's concerns regarding the amount of debt when the court opened the judgment and rendered a modified judgment of strict foreclosure.

### III

The defendant next claims that the court abused its discretion in denying her fourth motion for a continuance to allow her more time to complete discovery.[6] We disagree.

"The trial court has a responsibility to avoid unnecessary interruptions, to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice. . . . In addition, matters involving judicial economy, docket management [and control of] courtroom proceedings . . . are particularly within the province of a trial court. . . . Accordingly, [a] trial court holds broad discretion in granting or denying a motion for a continuance. Appellate review of a trial court's denial of a motion for a continuance is governed by an abuse of discretion standard that, although not unreviewable, affords the trial court broad discretion in matters of continuances."

(Citations omitted; internal quotation marks omitted.) *Peatie* v. *Wal-Mart Stores, Inc.*, 112 Conn. App. 8, 12, 961 A.2d 1016 (2009).

For two reasons, the trial court's denial of the fourth motion for a continuance was well within its broad discretion. First, as the court observed when it rendered its oral decision denying the continuance during the January 19, 2016 hearing, it already had decided the issues on which the defendant sought discovery. Second, as we have noted in this opinion, the court already had granted the defendant's first three motions for a continuance, even though the case had been pending for more than four years. In denying the continuance, the court properly considered the age of the case, the accommodations it already had made for the defendant and the basis on which the defendant sought the fourth continuance. We therefore conclude that the court did not abuse its discretion in denying the defendant's motion. See id., 13 ("[s]ince the trial court had already granted one continuance, we find no abuse of discretion in the court's refusal to grant the [party's] motion for a further continuance"); see also *State* v. *Yednock*, 14 Conn. App. 333, 344–45, 541 A.2d 887 (1988).

IV

The defendant's final claim is that because the trial court found that there was approximately $63,000 of equity in the property, the court abused its discretion when, on January 19, 2016, it ordered a judgment of strict foreclosure instead of a foreclosure by sale. Following oral argument, this court sua sponte ordered the parties to submit supplemental briefs addressing the related issue of whether the trial court's refusal to entertain the defendant's "request for the entry of a foreclosure by sale violated the provisions of [General Statutes] § 49-15 or was based on an erroneous application of . . . § 49-15."[7] We conclude that, under the facts of the present case, the trial court incorrectly interpreted § 49-15 to deprive the court of the authority to order a foreclosure by sale. Because the court's incorrect application of § 49-15 prevented the court from exercising its authority, we remand the case to the trial court with direction to rule on the defendant's motion for a judgment of foreclosure by sale. See footnote 9 of this opinion. The question of whether the court's factual finding regarding the equity in the property required it to order a judgment of foreclosure by sale may arise on remand. We therefore address that issue. We conclude that in circumstances where a court finds that the value of the property substantially exceeds the mortgage being foreclosed, a judgment of strict foreclosure would give the plaintiff an improper windfall. See *Brann* v. *Savides*, 48 Conn. App. 807, 812, 712 A.2d 963 (1998).

The following additional facts and procedural history are relevant to our resolution of this issue. At the Janu-

ary 19, 2016 hearing on the plaintiff's motion to open and modify the 2014 judgment of strict foreclosure, the court began by observing that the judgment, which had been predicated on an eight month law day, had been rendered irrelevant due to the passage of four months during the automatic bankruptcy stay. Therefore, the court reasoned, it was proper to grant the motion to open.

The plaintiff contended that under § 49-15 (b) everything with respect to that judgment remained in place and the court could only reset the law days. The court reminded the plaintiff that its motion requested greater relief than simply the reentry of the original judgment of strict foreclosure and the resetting of the law days.

The court next turned to the question of determining the amount of the debt. The plaintiff urged the court to rely on its most recent affidavit of debt, dated January 13, 2016. Prior to rendering a modified judgment, the court questioned its authority to modify the judgment by awarding additional fees and costs. In its remarks to counsel, the court indicated that it believed that the scope of its authority to act on the plaintiff's motion to open the judgment of strict foreclosure was governed by § 49-15 (b). The court further questioned whether that statutory provision granted the court the authority to take any action other than opening the judgment and setting new law days. The plaintiff suggested that the court *did* have such authority, pursuant to paragraph F of the Uniform Foreclosure Standing Orders issued by the Superior Court.[8] The court expressed skepticism that a standing order of the Superior Court could grant the court greater authority than contemplated by the General Statutes. Nonetheless, the court accepted the plaintiff's argument and its affidavit of debt. The court then rendered a modified judgment of strict foreclosure with new findings as to additional debt and a revised fair market value of the property.

Although the court already had taken action on the motion to open that went beyond merely setting a new law day, it determined that § 49-15 (b) barred it from ordering a judgment of foreclosure by sale. Specifically, when the defendant asked whether the court would order a foreclosure by sale, the court stated: "No, this is a law day, a law day. *I cannot grant a motion for foreclosure by sale at this point because the statute precludes me from entertaining that. I can only deal with the motion—the matter that the statute allows me to which is to reset the law day.*"[9] (Emphasis added.) At the close of the hearing, the court set a law day of March 1, 2016.

We first address the question of whether the trial court properly concluded that it lacked authority pursuant to § 49-15 (b) to order a judgment of foreclosure by sale. In general, the court enjoys broad discretion in determining whether to order a judgment of foreclo-

sure by sale or a judgment of strict foreclosure. Our Supreme Court has explained: "In a foreclosure proceeding the authority of the trial court to order either a strict foreclosure or a foreclosure by sale is clear. General Statutes § 49-24 provides: All liens and mortgages affecting real property may, on the written motion of any party to any suit relating thereto, be foreclosed by a decree of sale instead of a strict foreclosure at the discretion of the court before which the foreclosure proceedings are pending. In interpreting this statute, we have stated that [i]n Connecticut, the law is well settled that whether a mortgage is to be foreclosed by sale or by strict foreclosure is a matter within the sound discretion of the trial court. . . . The foreclosure of a mortgage by sale is not a matter of right, but rests in the discretion of the court before which the foreclosure proceedings are pending." (Citations omitted; internal quotation marks omitted.) *Fidelity Trust Co.* v. *Irick*, 206 Conn. 484, 488, 538 A.2d 1027 (1988).

The trial court was correct that § 49-15 (b) does not grant the court authority to modify a judgment of strict foreclosure. Specifically, § 49-15 (b) provides that when a mortgagor files a bankruptcy petition under title 11 of the United States Code, any existing judgment of strict foreclosure "shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection . . . ." See footnote 7 of this opinion.

The trial court incorrectly concluded, however, that merely because § 49-15 (b) does not grant the court authority to modify the judgment, no statutory authority existed to allow the court to do so. This court has explained that, "[b]y its express terms, subsection (b) of § 49-15 governs what occurs *automatically* following the filing of a bankruptcy petition: the judgment is opened, but only with respect to the law day. It does not refer to how a plaintiff may request the court [not only to] reset the law day [but also] reenter [a modified] judgment of strict foreclosure following the dismissal or discharge of the bankruptcy.

"In order to have the court reset the law day and reenter [a modified] judgment of strict foreclosure, a plaintiff must comply with subsection (a) (1) of § 49-15." (Emphasis added.) *U.S. Bank, N.A., Trustee* v. *Morawska*, 165 Conn. App. 421, 426–27, 139 A.3d 747 (2016). Because the plaintiff filed a motion to open and modify the judgment of strict foreclosure, § 49-15 (a) (1) conferred authority on the trial court to modify the judgment. In fact, the plaintiff's motion contained, among the relief sought, a request to enter either a judgment of strict foreclosure or foreclosure by sale, whichever the court deemed appropriate. The plaintiff's motion recognized the court's authority to modify the judgment and, within its discretion, to order a foreclosure by

sale. Accordingly, the court had authority to order a judgment of foreclosure by sale.

The court's failure to entertain the request for a judgment of foreclosure by sale constituted error. "[I]n a case in which the court has discretion to act, but fails to exercise its discretion, that failure alone is error." *Meadowbrook Center, Inc.* v. *Buchman*, 169 Conn. App. 527, 534, 151 A.3d 404 (2016), cert. granted on other grounds, 324 Conn. 918, 154 A.3d 1007 (2017); see also *State* v. *Lee*, 229 Conn. 60, 73–74, 640 A.2d 553 (1994) ("[i]n the discretionary realm, it is improper for the trial court to fail to exercise its discretion"). As we have explained, because the trial court failed to take action on the defendant's motion for a judgment of foreclosure by sale on the basis of its incorrect application of § 49-15 (b), we remand the case to the trial court with direction to rule on the motion.

Finally, because the issue may likely arise on remand, we consider the implications of the trial court's finding on January 19, 2016, that approximately $63,000 of equity existed in the property. Specifically, in light of that finding, the court's order of a judgment of strict foreclosure would appear to give the plaintiff an improper windfall. "Since a mortgage foreclosure is an equitable proceeding, either a forfeiture or a windfall should be avoided if possible." (Internal quotation marks omitted.) *Brann* v. *Savides*, supra, 48 Conn. App. 811–12. Even if the defendant did not have equity in the property herself, our case law is clear that the governing principle is that "a mortgagee is only entitled to the payment of the debt owing him, including such incidental charges as he may add to it . . . ." (Internal quotation marks omitted.) *Fidelity Trust Co.* v. *Irick*, supra, 206 Conn. 489. Accordingly, we have recognized that "when the value of the property substantially exceeds the value of the lien being foreclosed, the trial court abuses its discretion when it refuses to order a foreclosure by sale." (Internal quotation marks omitted.) *Brann* v. *Savides*, supra, 812; see also *Fidelity Trust Co.* v. *Irick*, supra, 491 (court abused discretion in ordering strict foreclosure rather than foreclosure by sale where fair market value exceeded debt).

The judgment is reversed with respect to the order of strict foreclosure and the case is remanded for further proceedings consistent with this opinion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The complaint also named as defendants Wells Fargo Bank, N.A., Southern Connecticut Gas Company, and Gordon & Scalo, but they were defaulted for failure to appear or plead. The trial court permitted John R. Christophersen, both individually and as trustee, Richard J. Margenot, successor trustee, and Theodore A. Youngling, successor trustee, to intervene as defendants. The court, however, subsequently granted the plaintiff's motion for default as to the intervening defendants for their failure to disclose a defense. Bonnie Christophersen, representing herself, filed this appeal and will be referred to in this opinion as the defendant.

[2] The plaintiff filed five motions to substitute Kondaur Capital Corporation

(Kondaur) as the plaintiff, all of which the court, *Mintz, J.*, denied. In May, 2012, the defendant filed a motion to dismiss claiming that the plaintiff lacked standing because Kondaur was the party entitled to enforce the note. The court denied the motion to dismiss.

[3] At the time that the defendant filed her objection to the motion for a judgment of strict foreclosure, she had been defaulted for failure to plead. Along with her objection, she filed a motion seeking to open the default that had been entered against her. On April 14, 2014, the parties requested that the court vacate its existing orders, including the order defaulting the defendant. The court vacated those orders, and the defendant subsequently withdrew both her objection to the plaintiff's motion for a judgment of strict foreclosure and her motion to open the default.

[4] On September 2, 2014, the court granted the motion of the defendant's counsel to withdraw his appearance. Thereafter, the defendant represented herself.

[5] Additionally, attached to the motion for relief from automatic stay, which was filed in bankruptcy court, was the original note and subsequent assignments, including the 2008 assignment to the plaintiff. See *Drabik* v. *East Lyme*, 234 Conn. 390, 398, 662 A.2d 118 (1995) ("[t]here is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties" [internal quotation marks omitted]).

[6] The defendant also claims that the denial of her fourth motion for a continuance violated her right to due process. "Ordinarily, a reviewing court analyzes a denial of a motion for a continuance in terms of whether the trial court abused its discretion. If, however, the refusal to grant a continuance interferes with a specific constitutional right, the analysis will involve whether there has been a denial of due process. . . . [W]hen an act is shown by reliable facts to affect a specific constitutional right . . . the analysis should turn on whether a due process violation exists rather than whether there has been an abuse of discretion." (Citations omitted; internal quotation marks omitted.) *Tyler* v. *Shenkman-Tyler*, 115 Conn. App. 521, 525, 973 A.2d 163, cert. denied, 293 Conn. 920, 979 A.2d 493 (2009). The defendant has not identified any specific constitutional right that was implicated by the court's denial of the motion for a continuance. As such, we will review this claim under an abuse of discretion standard.

[7] General Statutes § 49-15 provides in relevant part: "(a) (1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection. . . .

"(b) Upon the filing of a bankruptcy petition by a mortgagor under Title 11 of the United States Code, any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection, provided no such judgment shall be opened after the title has become absolute in any encumbrancer or the mortgagee, or any person claiming under such encumbrancer or mortgagee. The mortgagor shall file a copy of the bankruptcy petition, or an affidavit setting forth the date the bankruptcy petition was filed, with the clerk of the court in which the foreclosure matter is pending. Upon the termination of the automatic stay authorized pursuant to 11 USC 362, the mortgagor shall file with such clerk an affidavit setting forth the date the stay was terminated."

[8] Paragraph F of the Uniform Foreclosure Standing Orders provides: "At a hearing on a motion to open judgment after bankruptcy in order to set a new sale or law date after receiving relief from the automatic bankruptcy stay, a bankruptcy dismissal or any other bankruptcy order or law that allows the plaintiff to proceed with its foreclosure action, the plaintiff must present to the court an updated affidavit of debt that the court will use to make a new finding of the judgment debt as of the date of the hearing. Additionally, if the last finding made by the court as to the fair market value of the premises is more than 120 days old, then the plaintiff must also present to the court an updated appraisal for the court to make an updated finding of the fair market value of the premises on the date of the hearing." Uniform Foreclosure Standing Orders, form JD-CV-104, available at http://jud.ct.gov/webforms/form/cv104.pdf (last visited January 22, 2018).

We observe that although the defendant had not filed a motion for a judgment of foreclosure by sale at the time of the hearing, she advised the court that she had prepared such a motion and would be filing the motion. The record reflects that the defendant filed such a motion on that same day, presumably following the conclusion of the hearing.

---